RECEIVED
AXA
9/18/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kenneth Thompson, Sr and KRT a minor, | ) | COMPLAINT FOR VIOLATION OF CIVILA RIGHTS AND STATE SUPPLIMENTAL CLAIM |
| Plaintiff | ) | |
| VS | ) | Case No. |
| The Village of Monee an Illinois Municipal Corporation, The Village of Monee Police Department, Mayor Jay Farquhar, Mayor Theresa M. Bogs, Chief Scott Koerner, Wayne Hasser, Romulua Biris , Michael Kos , Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch. | ) | Jury Trial Demanded<br><br>**1:23-cv-13982**<br>**Judge Nancy L. Maldonado**<br>**Magistrate Judge Heather K. McShain**<br>**RANDOM** |
| Defendants | ) | |

**COMPLAINT AT LAW**

Plaintiffs Kenneth Thompson, SR and KRT (collectively Plaintiffs) Pro Se , Bring this complaint against defendants, The Village of Monee an Illinois Municipal Corporation Village of Monee, The VOM Department of Code enforcement, Mayor Theresa M. Bogs in her Individual Capacity, Wayne Hasser in his Individual Capacity, Romulua Biris in his individual Capacity, Michael Kos in his individual Capacity **"VOM"**, The Village of Monee Police Department, Chief Scott Koerner in his individual capacity, Officer Evie Lazzaroni, Officer Jamal Martin,

Officer Matthew Ludwig **"MPD"** and Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch AND Wayne Hasser as a neighbor **"NEIGHBORS"** and allege upon personal knowledge regarding each of them and their own acts, and on belief, regarding all other matters:

## INTRODUCTION

Plaintiff, Kenneth Thompson, Sr an African American business owner for 31 years and has resided at 16644 W Maple CT in Monee, Illinois for almost 19 years and, Plaintiff currently has one remaining minor child at home, age 13 and she has attended Monee school district for nine years.

During Plaintiffs tenure in his home the named defendants instituted a conspiracy campaign that was racially motivated, a campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff (over $10,000.00 in municipal fines) including but not limited to the below:

1) Plaintiffs' car was set on Fire by defendants. Plaintiff received a total of 129 bogus municipal fines, Police tickets, VOM written and verbal warning, MPD written and verbal warning and some incidents included even arrest of Plaintiff. Plaintiffs children at age 11 were harassed by defendants as well as all of Plaintiffs other children.

1 it is significant to note that Plaintiffs home is located in the LAST cul-de-sac in Gorman Farm Estates where every Estate sits on 2.5 acers of land if not more

Plaintiffs was run off the road by Village Clerk, Wayne Hasser but similar incidents/ Police reports show defendant Wayne Hasser Village clerk did the same thing to African American amazon employee. Police reports exist for MPD running Plaintiff off the road and not even stopping. Defendants contacting Plaintiffs professional business vendors and acquaintances on multiple occasions in writing and verbally defaming Plaintiff and making unfounded false allegations about Plaintiff that defendants new were 100% wrong. The Mayor of Monee (10-year tenure), Jay Farqure was assigned a special Will County Prosecutor (Defendants, MPD refused to arrest and charge their mayor) and charged, arrested and defendant/Jay Farquhar pled guilty to felony charges for his total disregard for human ethics and the law.

Plaitiff filed a lawsuit against Defendants in 2012 and after the case was dismissed in 2015, All defendants started a very aggressive conspiracy campaign that was racially motivated, a campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship in efforts to force Plaintiff to move.

It is also important to note:

Defendants Wayne Hasser (Husband of current Mayor Theresa Bogs) has maintained a political office as Monee Village Clerk for over 10.5 years.

Defendant Theresa Bogs is the current Mayor for Village of Monee.

Defendants Irwin and Roberta Bogs who live directly across the street from Plaintiff are the Parents of the Mayor Theresa Bogs, and based on information and belief over 75% of all complaints have originated from the Theresa Bogs, Wayne Hasser, (The Village Clerk and Mayors' parents) Roberta Bogs and Irwin Bogs.

2) Defendants, Monee Police Department and the Village of Monee over the past 19 years have constantly approached Plaintiff with multiple complaints from neighbors for example: loud music, profanity, trailer on the street, trailer in the grass, Garbage Can visible, ATV on Grass, ATV riding in cul-de-sac, the complaints were always anonymous BUT, Plaintiffs verified exhibits (Date stamped images with, longitude, Latitude of organ and equipment used to take the picture and video) will show the house directly to Plaintiffs left and right had EXACT same circumstances but no such verbal warning, written warning, citations and tickets were issued to those residents and the same circumstances still exist to date. Plaintiff also provides 5 other properties in his subdivision that defendants had to drive pass to get to Plaintiffs home with exact same circumstances/alleged violations.

3) Plaintiff brings this action to redress acts of equal protection **Count I**; Class of one violation of equal protection, **Count II;** 42 USC § 1983 Deprivation of First Amendment Rights of Speech, Expression and Religion, **Count III**; 42 USC § 1983 Policy to Retaliate against Plaintiffs to Suppress their First Amendment Right; **Count IV**

42 U.S.C § 1983: Municipal Policy Claim **Count V**; Intentional Infliction of Emotional Distress Indemnification, Count **VI** Conspiracy, **Count VII**: Respondent Superior **and Count VIII:** Indemnification

**JURISDICTION and VENUE**

**4)** This action is brought pursuant to 42 U.S.C § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution. .

5) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under U.S.C § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the Village of Evergreen Park, Illinois.

6) The Court has supplemental jurisdiction over the state law administrative review count.

**PARTIES**

7) At all times relevant and herein mentioned, Plaintiff, Kenneth Thompson, Sr ("THOMPSON" or "PLAINTIFF"). THOMPSON was and is a United States citizen and resides in the Northern District of Illinois.

8) At all times relevant and herein mentioned, Plaintiff, KRT a minor ("PLAINTIFF"). was and is a United States citizen and resides in the Northern District of Illinois.

9) Defendant Village of Monee **"VOM"** is a municipality incorporated under the State of Illinois laws. It funds both the Defendant Department of Code Enforcement and the municipal court system of the Village, the Department of Administrative Hearings.

10) Defendant Mayor Jay Farquhar, Mayor Theresa M. Bogs ("**VOM**") the Mayors for the Village of Monee. Defendants were and is a final policymaker and serves as the mayor of the **"VOM".** Defendant Bogs engaged in the conduct complained of while acting under the color of law. Defendants are sued in their individual capacity.

11) Defendant Wayne Hasser, Romulua Biris , Michael Kos "**VOM**" is the previous Mayor for the Village of Monee. Defendant Farquhar was a final policymaker and serves as the mayor of the "VOM". Defendant Bogs engaged in the conduct complained of while acting under the color of law. Defendants are sued in their individual capacity.

12) The Village of Monee Police Department, Chief Scott Koerner, Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, **Village of Monee Police Department (MPD)** in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate federal Law. Defendants are sued in their individual capacity.

13) Defendants Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch_"**NEIGHBORS**") At all times herein mentioned defendants are United State citizens and residence of the Northern District of Illinois, (each, a neighbor, collectively, were residents in the Village of Monee, Will County, and Gorman Farms Estates.

**AFFIDAVIT OF FACTS AND BACKGROUND ALLEGATIONS**

14) Kenneth Thompson, Sr is an African American father of five, Plaintiff is a single Father with one remaining child at home, his 13-year-old daughter who attend Monee Elementary from Plaintiffs home.

15) Plaintiff purchased his Home at 6644 W Maple Ct in Monee, Illinois June 5, 2005 and the following year started experiencing weekly negative experiences with the "NEIGHNORS". "VOM" and "MPD".

16) Subsequent to Plaintiffs Purchase of his home at 6644 W Maple Ct, Plaintiff and his significant other purchased Investment property's especially one in Monee such as 6636 W Maple Ct Monee, and other properties threw out Illinois.

17) **August 15, 2007** Plaintiffs son **"KEENAN"** hosted a trunk party in celebration of him attending the University of Illinois at Urbana Champaign. **"KEENAN's"** Friends were harassed by the **"MONEE POLICE"** later on that night and two of **"KEENAN'S**" friends were wrongfully arrested.

18) **June 21, 2008 DRUMM"** arrived at Plaintiff's home during Plaintiff's daughter's 11-year-old birthday party and **DRUMM** threatened to arrest alleging a **"NEIGHBOR"** called complaining about noise at Plaintiff's Three (2.5) acre estate. The event consisted of 12 children from Chicago South Loop Elementary School.

19) **May 11, 2009** Plaintiff called Monee Police to request assistance because a trespasser was on Plaintiff's property and **DRUMM** tried to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney Robert Sharp. **DRUMM** was not successful in arresting Plaintiff and **DRUMM** then left Plaintiff property, this entire incident was video recorded and the Video recording was given to Chief CARUSO.

20) **July 11, 2009 "NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee Police department numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e) Plaintiff is not cutting their grass and bringing down my property value"

21) **July 11, 2009** **<u>Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,</u>** arrived at Plaintiff's home several times through-out the day while Plaintiff was celebrating his Birthday with seventy-five (75) friends and business associates **<u>Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, tried</u>** to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney Harvey Wright. **<u>Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,</u>** was not successful in arresting Plaintiff and **<u>Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,</u>** then left Plaintiff's property but continued to return every hour.

22) In many instances Defendants would issue multiple tickets on the same day, same time without even notifying Plaintiff of the alleged violations or providing copy of tickets.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2007OV006963 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 262.00 |
| 2007OV006962 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON | ORDINANCE VIOLATION | 08/22/2007 | 392.00 |

3) **August 6, 2009** Defendants VOM and MPD issued Plaintiff three alleged Code Violations same day, for same alleged incident each ticket was $1952 totaling $5856.00

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2009OV005764 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE BLDG PERMIT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |
| 2009OV005763 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE BLDG PERMIT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |
| 2009OV005760 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE IT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |

Note the sequential last number of the Tickets

23) **2007 – 2009** Defendants VOM and MPD issued multiple code violations without even providing Plaintiff with copies or any notice.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2008OV004505 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | PARKING WHERE PROHIBITED | ORDINANCE VIOLATION | 05/09/2008 | 262.00 |
| 2008OV003686 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ANIMAL NUISANCE | ORDINANCE VIOLATION | 04/16/2008 | 1,142.00 |
| 2007TR103106 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | PERMIT UNAUTHD PERSON TO DRIVE | TRAFFIC | 08/22/2007 | N/A |
| 2007TR022784 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | REGIS EXPIRATION/1ST & 2ND | TRAFFIC | 02/21/2007 | N/A |
| 2007OV009618 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | PERMITTING DOG TO RUN AT LARGE | ORDINANCE VIOLATION | 11/21/2007 | 534.00 |
| 2007OV008886 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | DOG RUNNING AT LARGE | ORDINANCE VIOLATION | 11/07/2007 | N/A |
| 2007OV008885 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | DOG RUNNING AT LARGE | ORDINANCE VIOLATION | 11/07/2007 | N/A |
| 2007OV007724 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 09/26/2007 | 132.00 |
| 2007OV006963 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 262.00 |
| 2007OV006962 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 392.00 |
| 2007OV004701 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 06/27/2007 | 392.00 |
| 2009OV007206 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | CONSTRUCTION WITHOUT A PERMIT | ORDINANCE VIOLATION | 09/10/2009 | 652.00 |

24) **July 10, 2010 "NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e) Plaintiff is not cutting their grass and bringing down my property value"

f) Plaintiff have their dog and toys are on my property"

25) **July 10, 2010** , Police **Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's home several times throughout the day while Plaintiff was hosting a business Networking Function with eighty-five (85) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, tried** to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney James Hardemon. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** was not successful in arresting Plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property, but continued to return throughout the day harassing Plaintiff's family, friends, and business associates frequently.

Officer Blake attempted to arrest Plaintiff. Plaintiff, under advice of legal counsel, Plaintiff entered his home locked the door and officer Blake attempted to enter Plaintiff's home but was stopped Residential security officer Hassen Gulen. A request for a search warrant was requested from Officer Blake but not produced and then Officer Blake left the private property of the Plaintiff. Officer Blake threatened the Plaintiffs family, friends and business associates that he would be back to arrest Plaintiff.

26) **July 9, 2011 "NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiffs family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e)Plaintiff garbage can is in the street

f) Plaintiff is not cutting their grass and bringing down my property value"

27) **On July 9, 2011** "MPD" **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** arrived at Plaintiff's home several times throughout the day while Plaintiff was Hosting a business Networking Function with fifty five (55) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** tried to arrest Plaintiff, but Plaintiff entered his home and locked the door **"MONEE POLICE"** was not successful in arresting Plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property, but continued to returned throughout the day harassing Plaintiff's family, friends, and business associates frequently.

*"On 07/09/11 at 1706 hours I officer Cresenti # 129 was dispatched to 6646 Maple CT for an ATV complaint. A refused caller stated that the residents at that address were driving ATVs in the field next to the house.*
*Upon arrival I observed that there were ATV's being driven, however they were on the owner's property at all times. I spoke with Kenneth Thompson M/B/44 who was the*

*owner of the residence and informed him that the ATV's had to stay on his property at all times and he complied"* 2**See exhibit 1**

28) **July 17, 2011** Defendant **"NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called "MPD" numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

**THOMPSON VS MONEE, ETL 12 CV 05020**

29) **June 25, 2012** Plaintiff filed a cause of action against the Village of Monee, tell in 12CV05020 which was eventually dismissed but the defendants "MPD" became relaxed AND Plaintiffs harassment slowed down for an estimated 3 years but when the case was disposed of on June 17, 2015 the defendants started again in aggressive retaliation with their racially motivated conspiracy, campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff and Plaintiffs family.

2 On this date Plaintiff owned both property 6644 W Maple Ct and 6636 W Maple CT which totaled 6 acres for his children to ride their all-terrain vehicles.

30) **September 8, 2014** Plaintiff had to file a complaint with Chief of Police because detective Blake tried to Run Plaintiff off the road. See exhibit 2

**2015 TO AUGUST 2023 DEFENDANTS RETALIATION AGAINST PLAINTIFF FOR EXERCISING HIS CONSTITUTION RIGHTS**

31) Starting **2015** ALL Defendants again, began an aggressive targeted campaign to bully, harass, and retaliate against Plaintiff for asserting their constitutional rights.

32) The acts constituting harassment and retaliation by the Defendants include repeatedly issuing daily phone calls from "**NEIGHBORS**" to "**VOM**" and "**MPD**", Plaintiffs receiving tickets, Plaintiff receiving fines, leaving warning notes, improperly surveilling and patrolling Plaintiffs' home and an attempt to intimidate, harass and oppress Plaintiff in addition to Physical harm on Plaintiff.

33) The below facts will clearly show **ALL** defendants conspired to selectively apply and enforced its code ordinances against Plaintiff.

34) On further belief, no other residents that live in Plaintiffs subdivision received as many verbal warning, written warning, citation violations, fines and tickets as Plaintiff.

35) **In July 2015** Police [3]reports will show that Plaintiff had to call 911 because the Defendants Wayne Hasser ( at the time was the Monee Village Clerk) tried to run Plaintiff off the road with his Black jeep.

3 Plaintiff submitted a FOIA request via hand delivery and email but defendants refused to provide a copy of police report.

36) **July 24, 2015** at 2142 hours Defendant **"NEIGHBORS"** again filed a false police report against Plaintiff:

*"Ofc Stephen Crecenti, and I ofc Teresa Cancialosi were dispatched to 6636 W Maple Ct in reference to subjects playing very loud music and that vehicles are parked in the back yard. (Be advised we had received a call 2015-09506) just prior to this at 2122 hours , for a refused complaint that a party was starting at 6644 W Maple CT and that cars were starting to gather, only two vehicles so far, and that they were pulling into the yard at 6636 W maple CT Ofc Crecenti arrived before me and spoke with Kenneth L Thompson M/B/48 and* ***advised Eastcom that all the cars were parked legally so far that he could see and that the music was not loud****"* *see exhibit 3*

**PLAINTIFFS INVESTMENT PROPERTY IN MONEE**
**6636 W Maple court**

37) **2014** Plaintiff and his significant other started major remodeling on their investment property that Plaintiffs had acquired late 2011.

38) **PLAINTIFFS CAR WAS SET ON FIRE**

**June 2015** Plaintiffs significant other (Latonia Johnson) left Plaintiffs home at around 6am in efforts to retrieve her Vehicle from the garage at their investment property, so that she could drive to the train station and attend work.

**Latonia Johnson came running back in Plaintiffs home screaming…**

*"The car is on fire; the car is on fire"*

Plaintiff immediately got dressed and ran through his yard to his investment property, where Plaintiff identified that his sons Volkswagen Passat that was located in the grass to

the left of the 4detached two car garage had been incinerated and the only thing remaining was a metal shell and some white smoke.

On belief, the individual(s) responsible for burning Plaintiffs son car and vandalism are working with or at the direction of Defendants.

39) **2015 to 2017** Defendants MPD and VOM frequently arrived at plaintiffs' investment property while he was remodeling the interior in one instance the chief of Police even arrived with the Village of Monee code enforcement**.** The defendants constantly threatened Plaintiff that he had no authority to be on his property and he had no authority to perform any work on his property. Due to this continued harassment Plaintiff Put orange cones at the driveway entrance of his investment property in efforts to prevent the defendants from trespassing on his investment property and minimize the Harassment from the defendants.

40) **July 22, 2015** The defendant neighbor (David Lynch ) son (Michael Lynch) was caught on Plaintiffs Video surveillance equipment trespassing on Plaintiffs investment property, removing all the orange cones and throwing them in the grass on to Plaintiffs primary residence. Plaintiff called 911 and after showing **MPD** the Video of the incident, the Monee Police arrested ( PEOPLE OF THE STATE OF ILLINOIS vs. MICHAEL D

4 Plaintiffs Investment property had 264 trees on the estate and the location of Plaintiffs son car was only visible if you travelled onto the end of the drive way. The driveway is 263 feet long and the drive way is blocked off by 20 feet trees.

LYNCH in 2015CM00218) defendants' son but MPD never provided Plaintiff with a court date so the charges were dropped by the Assistant States Attorney.

**Charge 01 Count 001 CRIMINAL TRESPASS TO LAND**
08/25/2015 Statute 720 5/21-3(a)(2) Class B Orig.
Agency: MONEE VILL Charge Instr: COMPLAINT

41) Based on information and belief ALL defendants assisted , Michael Lynch with setting Plaintiffs son's car on fire while Plaintiffs son, Keenan Thompson, ESQ was in his 1st year of Law school.

42) **2016 - 2018 Defendants VOM and MPD** started taping numerous code violations and police tickets taped to the front door of Plaintiffs investment property and those fines had to be paid when Plaintiff sold the asset. Ironically, defendants VOM and MPD issued multiple code Violations and tickets for the burnt car even though the car was not visible from any street view and the car was burnt immediately due to use of some form of accelerant leaving very little smoke. Plaintiff did not file an insurance claim due to concern of his rates increasing.

**DEFENDANTS SLANDER AND DEFAMATION**

43) **August 10, 2016** Plaintiff had finally finished the remodeling of his investment property (6636 W Maple CT) that was located directly south to plaintiff's home. Plaintiff retained the service of an Illinois real-estate broker so that he could sell the home.

**https://www.realtor.com/realestateandhomes-detail/6636-W-Maple-Ct_Monee_IL_60449_M89540-18910**

Defendant, **"VOM"** employee/Vendor of Safebuilt, Named Bill Raglin notified Plaintiffs Real-estate Broker in writing and over the phone;

*"The Village of Monee is in possession of a Complaint filed saying ken has no authority to rent the house…." Thompson is a squatter same as he was down on Winfield…"*

Plaintiff spoke to his Attorney Chris Gekas and Attorney Gekas advised Plaintiff to immediately go to the Village Hall to obtain a copy of this alleged complaint, Plaintiff drove to the Monee Village Hall and met with Bill Regan who provided Plaintiff with a two-sentence typed statement but no such documentation was provided to Plaintiff that represented a complaint.

***See exhibit 4***

As a result of the Defendants **"VOM"** false defaming verbal and written representation, Plaintiffs broker withdrew Plaintiffs listing from the MLS to sell the home and Plaintiff had to contract with another broker, Sun Realty resulting in Plaintiff eventually successful selling his asset but the delays caused Plaintiff more expenses for Real-estate taxes and maintenance and additional interest cost.

44) **August 10, 2016** Plaintiff requested to speak with the mayor but the defendants Mayor of Monee, Jay Farquhar was not available because on the same day he was charged with

Felony aggravated batter in case 2016CF001711 PEOPLE OF THE STATE OF ILLINOIS vs. JAY A FARQUHAR for his conduct on June 6, 2016.

> *https://www.chicagotribune.com/suburbs/daily-southtown/ct-met-ex-monee-mayor-pleads-guilty-20180628-story.html*
> *Jun 28, 2018 — Former Monee Mayor Jay Farquhar pleaded guilty on June 28, 2018, to aggravated battery, court records show ...*

45) **August 29, 2017** Defendants **"VOM"** continued targeted harassment and intimidation by arriving at Plaintiffs Home with two Village employees which they confronted Plaintiff and stated:

*"We got a call that you were burning stuff in your yard"*

Even though Plaintiff paid for permits that were approved by the defendants to build his brick Paver patio and fire place.

46) **July 10, 2018** Defendants **"MPD"** illegally removed Plaintiffs minor child from Plaintiffs custody absent of any court order or DCFS investigation. Defendants knew or should have known that Plaintiffs minor child lived with him and attended Monee elementary for four (4) years from Plaintiffs home. Plaintiff successfully filed EMERGENCY motions resulting COURT ORDER from both a Will County Judge and a Cook County Judge, 30 days later, returning minor child to Plaintiff, and to date Plaintiff has had custody of his minor child. **See Exhibit 5**

Plaintiffs recorded video shows the defendants "MPD" significantly fabricated Police reports relating to "MPD" interaction with Plaintiffs Attorney Timothy Tyler.

47) **March 11, 2019** Defendant **"NEIGHBORS"** Erwin Bogs continued targeted harassment and intimidation yelled at Plaintiff from his drive way:

*"Kenny, you need to move all those campers in your drive way this is not that kind of neighborhood"*

48) **March 12, 2019 the very next day** Defendants **"VOM"** continued targeted harassment and intimidation alleging that Plaintiffs friend's camper that was parked legally in Plaintiffs own drive way but allegedly should be 10 feet further in Plaintiffs drive way. **see exhibit 6**

Plaintiff was cited for an inapplicable part of the code as Plaintiff does not reside in the inner city of Village of Monee and the code was designed to protect Village plumbing and electrical resources/equipment. Plaintiff has no water bill or city resources because Plaintiff has his own Well and septic tank not to mention the camper was at all times on Plaintiffs private property completely.

See exhibit 7

**All** defendants on a daily bases made a point to travel specifically by defendants' home to intimidate, harass and oppress defendant by issuing warning, citation , fines, tickets for whatever the defendants could imagine , from garbage can visible to ATV on the grass.

DEFENDANTS RECAIALLY MOTAVATED DISCRIMNATORY BEHAVIOR

VIA SLECTIVE CODE ENFORCEMENT

49) 5215 W Main Street, Picture below depicts the exact same circumstances that defendants have allegedly cited Plaintiff for.




50) Based on Belief the above residence of 5215 W Main Street has not been issued any warnings or tickets because the camper is still there as of the date of filing this complaint.

51) The obvious targeted discriminatory behavior against Plaintiff is supported because;

a. Monee Village Hall 5130 W Court Street, google maps indicate that the above Picture/5215 W Main Street is 1 minute from Village Hall by car or 2 minutes by bike.

b. Monee Police department located at 5357 W Main Street google maps indicate the above picture of 5215 W Main Street is 1 minute by car or 1 minute by bike

c. This 5th wheel Trailer is in the Village Monee inner city limits and the residence utilizes the VOM water system and drainage system unlike Plaintiff.

52) **July 2, 2019 around 3.50 pm** Plaintiff was driving his vehicle in Plaintiffs subdivision of Gorman Farm Estates, Plaintiff was traveling North bound on Winfield rd. and Plaintiff noticed an African American woman in the road crying while on a cell-phone and she was 15 feet away from an Amazon truck (Indiana Plate TK388NQF) that was in the ditch in front on defendants Wayne Hassers home.

Plaintiff turned his vehicle around to help the women in distress and when Plaintiff approached the African American women she stated to Plaintiff;

*"This white man ran me off the road and stated Black bitch don't come back in this neighborhood or else…."*

Plaintiff questioned the Amazon worker as to what white man and the amazon employee pointed to defendant Wayne Hasser.

Plaintiff utilized the resources of his vehicle (chain & f350 dully diesel) to extract the Amazon truck from the ditch.

**VILLAGE CLERK AND AMAZON July 2, 2019 POLICE REPORT**

*"On 07/02/19 at 1608 hours, I sergeant Anthony Lazzaroni revived a dispatched call for a motorist assist with a truck stuck in the grass in front of 26700 S Winfield Rd.*

*Upon my arrival , I spoke with xxxxxxxxxxxxxxx she was delivering for Amazon Prime on Winfield Rd, when a male on a riding lawn mower entered the street. Xxxxxxx Honked her horn for the subject to move* ***but he gave her the finger****. Xxxxxx then she had to take evasive action and drove off the roadway getting truck stuck in the grass. The male subject came over and said, "****that's why your black ass is suppose to stay on the sidewalk****".xxxxx felt alarmed by his actions, xxxxxxxsaid she called her supervisor…"*

This police report does not mention:

a. Plaintiffs assistance to the distressed female.

b. the police report does not mention that Plaintiff pulled the amazon Truck out of the ditch.

c. Police report does not mention Plaintiffs detailed conversation that had with officer Lazzaroni about his personal encounter with Wayne Hasser, The Village Clerk running him off the road.

*"Plaintiff: this must stop there is documented reports of Mr. Hasser doing the same thing to me in his Black Jeep, I had to call 911 for the exact issue, the Monee Police needs to deal with this issue before he kills someone"*

d. The female amazon statements in the Police report does not include what she told Plaintiff

"*Black bitch don't come back in this neighborhood or else….*"

This is simply another instance when the **"MPD"** intentionally fabricates and omits critical facts and truthful data to protect their Mayor and Village officials from their wrong doing and constitutional violations. The MPD would not even arrest their mayor after he brutally assaulted an umpire at a 7 years olds baseball game.

**T**he defendant Mayor Bogs husband, Defendant Wayne Hasser based on Plaintiffs first-hand knowledge, Defendant Hasser ran an Amazon employee off the road utilizing his tractor mower and made the above racial statement to the amazon driver resulting in, the Amazon employee calling 911.

Defendant, Wayne Hasser was the 5Government employee with the Village of Monee maintained the position of the Village Clerk at this time and abused his power as usual with Flagrant disregard for the constitutional rights of U S Citizens.

**See exhibits 8 & 9**

53) The Defendants Mayor Farquer and the Village clerk, Wayne Hasser was running the town as if Jim Crow days still existed.

The mayor was assaulting people physically at a seven years old baseball game and the Village Clerk was trying to run Black People off the road and out of Town.

5 Village clerk for 10 years and 5 months

**https://www.thevedette.com/two-vie-for-monee-village-clerk-wayne-haser/**

***How can the governmental body you're running for maintain or improve the quality of service it offers?***

*Jay Farquhar and myself along with the assembled administration have accomplished more in 4 years than has been seen develop in Monee in 40 years! The only way to maintain this quality of service is to re-elect Jay, myself and The Positively Monee Candidates to witness for yourselves, the energy and momentum.*

54) Defendants **"VOM"** started driving buy Plaintiffs home daily and when the defendants get to Plaintiffs home, they would slow their vehicle down and, in many instances, stop in front of Plaintiffs home.

55) **December 3, 2020** Defendants "VOM" continued targeted harassment, intimidation and threats toward Plaintiff;

***NOTICE OF CODE NON-COMPLIANCE***
***5-3-29: NUISANCES***

**see exhibit 10**

**DEFENDANTS SLANDER AND DEFAMATION AGAIN**

56) **May 7, 2021** Based on information and belief which will be confirmed in discovery an anonymous email was crafted "VOM" and sent by Defendants "NEIGHBORS", to to ARDC, Anonymous No. 2021IN1350:

*"My understanding is that a neighbor has been investigated for impersonating an Attorney, I also believe he is a convicted felon, He resided in Monee, IL on Maple CT, His car now has magnetic signs advertising TLG a legal Group, thought you might be interested.*

*Kenny Thompson*

*6644 Maple CT*

*Monee, Il 60449*
*No Phone Available to me"*

***See Exhibit 11***

**DEFENDANTS RECAIALLY MOTAVATED DISCRIMNATORY BEHAVIOR VIA SELECTIVE CODE ENFORCEMENT**

57) **March 16, 2022** defendants "VOM" continued targeted harassment and intimidation when code enforcement officer Romulua Biris complained about Plaintiffs camper being on the grass in the 6 rear of his home **see exhibit 12**. **At this Point Plaintiff personally met with Defendants "VOM"** Romulua Biris at his home, audio and video surveillance will show defendant Romulua Biris :

> *Walking to the end on Plaintiffs estate and Plaintiff showed defendant Romulua Biris Plaintiffs neighbors at 51.1= 6636 W Maple CT two (2) campers exactly 16 feet from Plaintiffs camper that was on the grass and Plaintiff informed Defendant Romulua Biris that eight (8) other houses have campers, boats and trailers in the grass why is Plaintiff being singled out and harassed.*
>
> 51.2=26323 Gorman Trail (Boat on the Grass)

6 Plaintiff voluntarily relocated the camper to the rear of his home because of the continued harassment, insults and complaints from the MPD, VOM and "NIEIGHBORS" about two campers being in Plaintiffs front driveway



**51.3= 6423 Spruce Ct (Boat on the grass)**




**51.4= 6641 Birch Ct (trailer with flat tire)**



**51.5= 6653 Bradford Ct (double axel trailer on gravel for 2 years) and house is directly behind Plaintiffs residence.**

**See exhibits/s 13**

**THE TROUBLING PATTERN OF TARGETED HARASSMENT REVEALED**

58) The "**VOM"** and "**MPD**" through its code enforcement division, police department, and individual employees embarked on a campaign of harassment and retaliation against Plaintiff as punishment for exercising his right of free speech and right to petition the government for redress s and to try to deter him from exercising such rights in the future.

**PLAINTIFFS EFFORTS TO COMPLY WITH CODE ENFORCEMENT**

59) **May 25, 2022** Plaintiff was just exhausted from the **"ALL"** Defendants continued targeted harassment, intimidation, verbal warning, written warning, tickets, fines so Plaintiff started soliciting quotes to build a concrete pad in the rear of his estate, new drive way and landscaping for his entire estate.

**E**ven though his neighbors had multiple vehicles on the grass including to date; trailer is on gravel at 6653 Bradford court house is directly behind Plaintiff, Camper/s were on the grass at 6636 W Maple CT ( a year later 2023 pictures). Video and documented Police written reports still show a camper is 16 feet from plaintiffs' camper.

Based on information a belief NO VIALLGES WARNING, tickets or citations have been issued at those addressees because it's a year later and the vehicles are still there in 2023.

"ALL" Defendants targeted and singled out Plaintiff because the mayor parents lived across the street from Plaintiff and defendants believed they could abuse their power by harassing, intimidated, threatening and issuing multiple citations and tickets without any ramifications behind their constitutional violations.

Plaintiff personally complained to Defendants "MPD" about these issues and Plaintiffs attached exhibits include documented Police reports where officers confirm in writing they observed other campers on the grass at the house directly to Plaintiff south side of his residence (which was Plaintiffs investment property that he sold)

60) **June 1, 2022** Plaitiff retained the services of a sub-contractor to asset Plaitiff with excavation and pouring concrete for an RV slab that the "ALL" Defendants have been

harassing and complaining to Plaintiff about, in addition Plaitiff obtained the necessary permits from the defendant “VOM”.

VILLAGE OF Monee
5500 W Wilson St
Monee, IL 60449
(708) 534-8303

Invoice For Permit: P22-06-059
Print Date: 06/28/2022

THOMPSON KENNETH N
6644 W MAPLE CT
MONEE IL 60449

Pay by Account In Full
Pay by Account In Full
$ 210.00

| Invoice No | Invoice Date | Permit Number | Address | Amount Due |
|---|---|---|---|---|
| 00001261 | 06/29/22 | P22-06-059 | 6644 W MAPLE CT | $ 210.00 |

| Fee Details: | Quantity | Description | Amount Cost | Balance |
|---|---|---|---|---|
| | 1.000 | Replace Driveway | $100.00 | $ 100.00 |
| | 1.000 | Concrete Pad | $110.00 | $ 110.00 |
| Total Amount Due | | | | $ 210.00 |

**See exhibits 14**

61) **July 3, 2022** Plaintiff also decided this would be a good time to complete a new driveway, new landscaping, add 24 recessed led lights in his soffit, some brick work on his home, power wash the entire brick home, clean all windows and gutters and add a 3000-gallon Pond.

**Driveway Excavation at Plaintiffs residence of 6644 W Maple Ct**



**RV Concrete Slab excavation at Plaintiffs residence of 6644 W Maple Ct**



**Pond excavation at Plaintiffs residence of 6644 W Maple Ct**




**Equipment used to Clean Bricks, windows, gutters and install lighting in soffit**




**See exhibits 15**

**ABUSE OF POWER**

**62) August 22,** 2022 despite Plaintiffs expensive efforts to comply with the "ALL" defendants demands, discriminatory actions and targeted harassment during Plaintiffs massive construction phase, that was anticipated to take five (5) months to complete. Defendants (VOM) started writing tickets again (trailer on the grass) during Plaintiffs construction Phase and the permits were valid for six (6) months, but less than 60 days into this construction the tickets started again.

**VILLAGE OF MONEE PROPERTY CODE COMPLIANCE NOTICE** date issued 08-22-2022

Your property at 6644 W. MAPLE CT has the following code issue/s:

| | | Code |
|---|---|---|
| ____ | garbage/recycling cans are not out of public view | 4-1-7 |
| ____ | garbage or cans at curb before noon the day before pickup | 4-1-7 |
| ____ | garbage or cans left at curb later than 7pm on collection day | 4-1-7 |
| ____ | grass or weeds taller than 6" | 4-2-2 |
| X | vehicle parked on grass or gravel | 5-3-29 |
| ____ | inoperable vehicle (tires flat or off, registration expired, etc.) | 9-8-1 |
| ____ | fence needs repair, replaced, or removed | 11-6-7 |
| ____ | permit required for dumpster or mobile storage container | 9-12-3, 9-11-2 |
| ____ | ____ | |

**** Issue/s must be resolved *before* 8am on 8-25-2022

Code issues not resolved may result in fines.

Contact us: email-- buildingservices@villageofmonee.org

phone-- 708-534-8303

Most codes can be found at: https://codelibrary.amlegal.com/codes/moneeil/latest/overview

Building permits are required for some work, please contact us to verify!

#303

**ORDINANCE / CODE VIOLATION CITATION** Village of Monee, Will County Illinois

**CV 03393**

| Photo Taken? | Date | Time | Location / Address |
|---|---|---|---|
| Yes X No __ | 8/26/2022 | 10:05 AM | 6644 MAPLE CT. |

| CODE NUMBER | Violation Description |
|---|---|
| 5-3-29 | TRAILER / CAMPER PARKED ON THE GRASS (UNIMPROVED SURFACE) |

**HEARING INFORMATION**

Date: 9/13/2022

Time: 1:00 PM

| Code Officer Name (Printed) | Code Office Name (Signed) | Badge No. |
|---|---|---|
| ROMULUS BIRIS | [signature] | 505 |

ADDITIONAL INFO

Telephone Number ( ) -

Name / Business Name: KENNETH THOMPSON

UNIT/APT:

Mailing Address: 6644 MAPLE CT.

Fine $ 125.00

City: MONEE State: IL Zip Code: 60449

Due Date: 9/12/2022

VILLAGE OF MONEE
5130 W. COURT ST.
MONEE, IL 60449

PRIOR TO THE HEARING DATE YOU MAY: PAY THE LISTED FINE AMOUNT AT THE ADDRESS LISTED ABOVE.

OR YOU MUST APPEAR AT THE ADDRESS LISTED ABOVE FOR THE HEARING DATE.

*Failure to appear at the hearing or pay the fine (if applicable) will result in the imposition of a judgment that will be enforced in accordance with applicable law.*

NOTIFICATIONS MADE PRIOR TO THE ISSUANCE OF THIS CITATION

❑ In Person CONTACT/ATTEMPT MADE ON ____/____/20____

❑ WARNING NOTICE ISSUED ON ____/____/20____

VIOLATOR COPY

With permits for a new drive way and concrete RV slab Plaintiff had no place to put his campers but in the grass on his property and Plaintiff was within his legal rights because there were active permits on file with Defendants.

See exhibits 16

Ironically exactly sixteen (16) feet from Plaintiffs RV was two more RVs on grass at the neighboring property of 6636 W Maple CT, Plaintiff demanded that defendants travel onto his estate and view the other to RV in the grass.

Audio and video surveillance will show Defendants ROMO Buris walked on to Plaintiffs property to the end of Plaintiffs RV and stated:

Defendant VOM, Romulua Biris *"Are you filing an official complaint cause if so then then I "might consider doing something"*

63) Defendants "VOM" have a financial interest in the citations that come before the municipal court because all the tickets issued to Plaintiff were written by the same two VOM-hired code enforcement officers, were prosecuted by VOM-hired prosecutors, and Plaintiffs were found guilty by a VOM-hired hearing officer, all of which serve the VOM as the ultimate authority. See Tumey v. Ohio (1927) and Ward v. Village of Monroeville (1972).

64) Code enforcement officers and police officers drive past the Plaintiffs' home daily, sometimes several times each day.

65) On belief, various **"VOM"** and **"MPD"** employees or officials fabricated or exaggerated such complaints as pretext to issue **"THOMPSON"** citations and fines.

66) **March 15, 2023** Defendant **"NEIGHBORS"** Roberta Bogs (The Mayors Mother) traveled onto plaintiff's property walked to his garage door and stated

*"Ken, can you do something about your led lights they are shining through my front window at night"*

Plaintiff just ignored the defendant because he knew that was a dishonest statement not to mention the house next to defendant has the same lights.

67) **April 12, 2023** Plaintiff was in front of his home at the end of the driveway with both Garage doors open and a garden utility cart at the end of his drive way**.** Defendant **"VOM"** code enforcement Defendant, Michael handed Plaintiff the attached warning.

**VILLAGE OF MONEE PROPERTY CODE COMPLIANCE NOTICE** date issued 04 12 2023

Your property at 6644 MAPLE CT has the following code issue/s:

| | | Code |
|---|---|---|
| ✓ | garbage/recycling cans are not out of public view | 4-1-7 |
| ___ | garbage or cans at curb before noon the day before pickup | 4-1-7 |
| ___ | garbage or cans left at curb later than 7pm on collection day | 4-1-7 |
| ___ | grass or weeds taller than 6" | 4-2-2 |
| ___ | vehicle parked on grass or gravel | 5-3-29 |
| ___ | inoperable vehicle (tires flat or off, registration expired, etc.) | 9-8-1 |
| ___ | fence needs repair, replaced, or removed | 11-6-7 |
| ___ | permit required for dumpster or mobile storage container | 9-12-3, 9-11-2 |
| ___ | | |

**** Issue/s must be resolved *before* 8am on 04-13-2023
Code issues not resolved may result in fines.

Contact us: email-- buildingservices@villageofmonee.org
phone-- 708-534-8303
Most codes can be found at: https://codelibrary.amlegal.com/codes/moneeil/latest/overview
Building permits are required for some work, please contact us to verify!

Plaintiff: *"Why are you giving me this warning"*

Defendant: *"oh I did not see you outside working on your yard"*

Plaintiff: *"Why are you lying you see I got all these cameras on my house; you guys need to leave me alone"*

Defendant then drove away and Plaintiff called Monee Police to file a complaint against the **"VOM"** and the **"NEIGHBORS"** for harassing him.

Plaintiffs Audio and Video surveillance will show plaintiff was outside since 6am manicuring his exterior estate utilizing his trash can and his DeWalt garden equipment to groom his lawn and trees.

7See exhibits 17

68) **April 25, 2023 again** Defendant **"NEIGHBORS"** Roberta Bogs (The Mayors Mother) traveled onto plaintiff's property walked to his garage door and :

*"Ken, I thought I told you to do something about your led lights they are shining through my front window at night"*

Plaintiff calls Police again see exhibits 17

*Plaintiff: I just want to be left alone, please tell her to stop trespassing on my property with these demands on what I should do with my home.*

*Defendant* Officer Matthew Ludwig*: Ken what can we do to squash this*

*Plaintiff: Tell her to just move.*

*Defendant: Well, the Village will just keep giving you tickets*

7 Even the Police report is fabricated with statements that Plaintiff never made such as *"KENNETH ADVISED HE OWNS THOMPSON LAW GROUP"* Plaintiff never made any such representations to defendants Officer Matthew Ludwig.

What's even more amazing is the House directly next to Defendant Neighbors have LED lights also and based on belief no one has complained about their lights.



**DEFENDANTS RETALIATION AGANST PLAINTIFF**

69) **April 25, 2023** Defendants "**VOM**" and **"MPD"** started driving by Plaintiffs home more frequently and even started writing tickets to any cars that were parked in front of Plaintiffs home.

Ticket written April 26, 2023 at 1am ($75.00)

**See exhibits 18**

But the House directly next store (6636 W maple court/Plaintiffs Investment property that he sold) to Plaintiff has Guest (Black Cadillac Escalade) parked in front of their home at 1am and based on Belief no tickets have been issued to their guest

**MORE SELECTIVE CODE INFORCEMENT**

70) **July 21, 2023** Plaintiffs Audio and Video surveillance will show plaintiff was outside since 7am working on repairs to his automobile that he just started on July 19, 2023.





Defendants continued their racially motivated conspiracy, campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff and Plaintiffs family.

Plaintiff approached the Defendants and inquired as to why they are parked in front of his home and defendants code enforcement officer replied.

*Defendant" "Your Vehicle has been like that for quite some time and you need to do those repairs in your Garage"*

*Plaintiff replied: After you People burned my son's car, I installed 12 cameras and the Video will show that the car HAS ONLY BEEN Jacked up for 2 days"*



**VILLAGE OF MONEE PROPERTY CODE COMPLIANCE NOTICE** date issued 7-21-2023

Your property at 6644 MAPLE CT has the following code issue/s:

| | | Code |
|---|---|---|
| ____ | garbage/recycling cans are not out of public view | 4-1-7 |
| ____ | garbage or cans at curb before noon the day before pickup | 4-1-7 |
| ____ | garbage or cans left at curb later than 7pm on collection day | 4-1-7 |
| ____ | grass or weeds taller than 6" | 4-2-2 |
| ____ | vehicle parked on grass or gravel | 5-3-29 |
| ✓ | inoperable vehicle (tires flat or off, registration expired, etc.) | 9-8-1 |
| ____ | fence needs repair, replaced, or removed | 11-6-7 |
| ____ | permit required for dumpster or mobile storage container | 9-12-3, 9-11-2 |
| ____ | ____ | |

**** Issue/s must be resolved *before* 8am on 7-25-2023
Code issues not resolved may result in fines.

Contact us: email-- buildingservices@villageofmonee.org
phone-- 708-534-8303

Most codes can be found at: https://codelibrary.amlegal.com/codes/moneeil/latest/overview
Building permits are required for some work, please contact us to verify!

Ironically the house directly to Plaintiffs left has had a crashed vehicle in their drive way for 16 months AND THE BELOW vehicle is actually 69 feet from Plaintiffs drive way.

26815 Winfield Road



71) Based on information and belief Defendants have not issued and warning or citations of fined to this resident because the car has been there for 16 months and is visible from two different streets.

72) **July 21, 2023** Plaintiff contacted the Monee Police department and expressed his continued feeling of being targeted and harassed by the "VOM". Plaintiff wanted the police to see the property's directly to Plaintiffs left and Directly to Plaintiffs right that had campers on the grass for over 2 years and a disabled vehicle for 16 months

**Plaintiff** escorted the "MPD" onto his Estate so that Plaintiff could show the police his Neighbors Campers on the grass and dismantled vehicle at the house directly to Plaintiffs right and left.

"*Officer Crescenti #129 arrived on scene to assist.*

*Thompson stated Michael from Village of Monee Code Enforcement had just left his residence after being there for a complaint of a non-operable vehicle in his driveway. Thompson advised he had lifted his vehicle in his driveway and placed the vehicle on jacks to fix different items on his vehicle. Thompson advised the vehicle had only been on jacks for 48 hours. Thompson then showed a picture of a vehicle that had a damaged front bumper that was currently parked at xxxxxxxxxx in the driveway of the vehicle. Officer Crescenti was able to observe the vehicle parked in the driveway with a damaged front bumper. Thompson stated the vehicle on Winfield Road had been parked non-operable for multiple days."*

*"Thompson then pointed out there was two campers parked in the grass in the backyard of xxxxxxxxxxx* ***I was able to observe two campers that were parked in the grass in the backyard."***

**See exhibits 19**

73) In every instance, the verbal warnings, the written waning, the tickets, the citations, the fines which "VOM" and "MPD" imposed upon the Plaintiffs were arbitrary applications of the Code designed to target Plaintiffs.

74) **The same rules were not applied to other residents in the Village of Monee**

75) Defendant VOM selectively enforced its municipal Code and policies against Plaintiffs based on his racial ethnicity and the "NEIGHBORS" racial based against Plaintiff which is a violation of Plaintiffs constitutional rights.

76) Several different VMP residents committed the same or similar types of purported code

Violations but received no verbal warnings, written warnings, citations, tickets or fines.

77) In support, the following photographs3 depict various Village of Monee residences with the same or worse types of purported issues.

78) **July 31, 2023** Plaintiff issued FOIA request to all defendants and defendant (VOM) has refused to respond after four written requests including the Village attorney was notified in writing of the request

**See exhibit 20**

a. On information and belief no other resident in Plaintiffs subdivision received citation for trailers or campers on the gras even those these infractions exist as of the filing of this complaint being filed .

b. On further belief no other resident in Plaintiffs subdivision received warning, complaints, tickets for Garbage can being outside, car on the grass, ATV on the grass other nuisance.

c. The fact that defendants (VOM) did not issue any warning or tickets to other neighbors suggest that Defendants conspire and selectively applied and enforced its ordinances against Plaintiff and it should be noted that Defendants had to pass fifty other houses to arrive and Plaintiffs home which is in the last cul-de-sac in the Gorman Farm Estates sub division.

79) Often Police escorts are not typical protocol for serving code enforcements violations.

Throughout the 19 years Plaintiff has resided at his Estate of 6644 W Maple CT Monee, Il the interaction with the Village of Monee code enforcement and Village of Monee Police department was just ongoing and at many times a week would not pass without Plaintiffs family, children and friends being harassed and intimidated by VOM and MPD, Plaitiff was always informed by defendants;

a. The complaint is anonymous, it's nothing we can do.

b. Your neighbors don't like you why don't you just pack up and go.

c. You know your neighbors are going to run you out of the neighborhood.

d. You have to take this up with the Village of Monee we are just the Police.

e. They will just call the police if you don't comply…

f. Just try and comply or they will keep writing you tickets.

g. We cannot tell you who is complaining even if we wanted to but you already know who they are…

80) No matter how hard Plaintiff tried to stay under the radar and prevent the Defendants from their targeted campaign to bully, harass and intimidate Plaintiff, Plaintiffs family and plaintiff's friends the defendants' actions just continued to grow and get worse;

a. Repeatedly issuing Plaintiff warning, tickets, improperly surveilling and patrolling Plaintiffs house.

b. Three of the defendant neighbors have held and/or currently hold 8Political office with the Defendant (VOM) which proves their total disregard for Plaintiffs their constitution rights, Defendants believed they were above the law and nothing would ever prevent them from violating Plaintiffs constitutional rights to be free and enjoy his home.

**SUMMARY**

Pictures tell a thousand stories and the exhibits and pictures attached in the Factual allegation presented by Plaintiff are self-explanatory. The defendants have a total disregard for the United States Constitution that designed to protect citizens. The defendants have been getting away with this behavior for decades without any

8 Wayne Hasser/Village Clerk, Therese Bogs/Mayor, Erwin and Roberta Bogs/Parents of Mayor

repercussions or ramifications, that's why the defendant's behavior is so egregious and bold in the 21st century.

Its bold for a Monee Mayor to strike an umpire at a seven-year-old baseball game, its obnoxious for a Monee Village Clerk to run an African American female amazon employee off the road. The defendants believe they are far above the law and immune to any infractions what so ever.

**JURY DEMAND**

81) The Plaintiff herby demands a trial by Jury.

**Count I—42 U.S.C. § 1983**
**Fourteenth Amendment Equal Protection Class of One**

(Against VOM, MPD and named employees in their individual capacity)

82) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

83) The actions of the defendants named in this count orchestrated to single Plaintiffs out as a class unto themselves were done for arbitrary, irrational and discriminatory reasons, and based upon personal animus.

84) Defendants acted according to the unwritten and unofficial policies and customs of the "VOM".

85) Defendant "VMP", through its employees and agents and at the behest of Defendant Mayor Jay Farquhar, Mayor Theresa M. Bogs intentionally targeted Plaintiffs for unequal treatment under the law, including that:

a. Defendants' agents issued Plaintiffs at least 129 verbal warning, written warnings, tickets, citations and fines, falsely accusing Plaintiff of violating the "VOM"s ordinance cars on grass, ATV on the grass, garbage can visible, unauthorized interior work on Plaintiffs home, camper on the grass, disabled car.

b. VOM & MPD actions were a deliberate, arbitrary, capricious, and malicious attempt to financially cripple Plaintiffs and deprive them of their property under color of law. The Defendants did not attempt to issue such t verbal warning, written warnings, tickets, citations and fines to other residents for non-existent violations of law.

c. Said Defendants, acting under color of law, had no conceivable basis for their action other than spite or some other improper personal motive, which were unrelated to the Defendants' official duties.

d. Defendants attempted to restrain Plaintiff and Plaintiffs family the ability to enjoy their (outside land 2.5 acres) exterior home.

e. Said Defendants, acting under color of law, intimidated and coerced Plaintiffs to try to pummel them into submission or run them out of the **"VOM".** The Defendants had no rational basis in law for taking these actions against the Plaintiffs.

86) As described more completely above, the Plaintiffs were victims of discrimination, intentionally visited upon them by "VOM" employes and "MPD" officers done under color of law.

87) The defendants knew or should have known that they had no justification for their actions based upon their public duties as employees of the Village of Monee, Illinois.

88) The Plaintiffs were the victims of intentional discrimination at the hands of the defendants, who were state actors as described above.

89) The actions of the defendants named in this count lacked any rational basis for singling out Plaintiffs as they did during the course of their public duties.

90) As a direct and proximate result of the actions of defendants named in this count, Plaintiffs suffered emotional and monetary damages.

91) The actions of Defendants in singling Plaintiffs out as a class unto themselves among other residential property owners in the VOM for building code enforcement, parking citations, other unlawful acts as alleged in this Complaint were vindictive and taken with a malicious animus and without any rational basis or legitimate governmental purpose, and, therefore, constitute a deprivation of Plaintiffs' rights to equal protection of law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and, thus, defendants are liable to plaintiff under 42 U.S.C. § 1983.

92) Mayor Farquhar and Bogs was aware of the discrimination perpetuated by The Village Clerk "MPD" and Defendant "Neighbors" and could have prevented it by simply calling MPD, Neighbors (mother and Father/Father-in-law of Mayor) and letting them know that they would not protect them if they were violating the law. Instead of intervening to prevent the misconduct, Mayor Farquhar and Bogs allowed it to continue, and even encouraged it. This caused the harassment, intimidation, and discrimination to continue.

93) The actions of Defendant were intentional, willful, and malicious and/or in reckless

disregard of Plaintiffs' rights as secured by 42 U.S.C. §1983 and the Civil Rights Act of 1991

94) As a direct, foreseeable and proximate result of Defendants' unlawful actions which deprived Plaintiffs of their rights as complained of in this Complaint, Plaintiffs suffered injury and damages in the form of legal fees and costs incurred in defending against Defendants' unlawful prosecution, psychological and emotional distress, and economic losses.

95) As a direct and proximate result of the actions of **"VOM"** and **"MPD"**

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant "VMP" and "MPD" in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**COUNT II – Denial of Due Process Under the Fourteenth Amendment**
(Against VOM, MPD and named employees in their individual capacity )

96) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

97) Plaintiffs have property interests in their home.

98) Plaintiffs' activities and conditions are not nuisances or violative of the **"VOM"** code.

99) The "VOM" cannot abate them or issue fines because they do not cause any harm to others or the Plaintiffs themselves.

100) The Due Process Clause prevents the government from declaring that Plaintiffs' lawful and harmless activities and conditions constitute violations or nuisances when such activities and conditions are not nuisances, and any harm that could arise from such actions and conditions would be remote and highly speculative.

101) Instead, the VOM and MPD treats these activities and conditions as nuisances and code violations to retaliate against certain citizens for asserting their protected conduct.

102) Defendants repeatedly accused Plaintiffs of phony municipal violations and used the "VOM" powers to cripple Plaintiff financially by excessively fining Plaintiff.

103) Defendant VOM and MPD violated Plaintiffs' due process rights by permitting excessive fines against Plaintiffs home without providing adequate procedural protections, like a like a notification verbally or in writing, many citations Plaintiffs never received copies of the alleged violations.

104) Defendants deliberately failed to provide Plaintiffs with copies of said violations and just issued tickets on their books against Plaintiffs home.

105) Resulting in no-fair opportunity to contest the purported tickets and or violations, and otherwise denying Plaintiffs' the opportunity to a fair and impartial hearing.

106) The VMP accomplished this deprivation by harassing and retaliating against Plaintiffs by:

a) Issuing phony municipal tickets three on one day totaling $5856.00.

b) Failing to provide a method any Notice of said violations;

c) Failing to provide a legally sufficient description of the activity or conduct alleged to constitute a violation of the VOM Ordinances;

e) Failing to issue a determination based on the evidence presented at any of the hearings of whether a Code violation exists;

f) Failing to provide the name(s) of the alleged complaining witnesses who sent emails complaining about Plaintiffs' home;

g) Failing to allow them to a fair and impartial hearing on the merits before issuing default judgments against them;

107) Plaintiffs were deprived, in whole or in part, of their property interests d escribed above, under color of state law, in that they have an administrative lien of over $10,000.00 entered against their property, which will preclude it from being sold until it is paid in full.

108) Plaintiffs were also deprived of their liberty interests in their right to privacy.

109) Defendant "VOM" at the behest of Defendant Theresa Bogs and her Husband Wayne Hasser used the apparatus of the "VOM" to violate Plaintiffs' property and liberty interests by making allegations of wrongdoing against Plaintiffs and their property, which Defendants knew at the time to be false, for the sole purpose of targeting and harassing Plaintiffs.

110) There is overwhelming circumstantial evidence that Wayne Hasser and Theresa Bogs was personally involved in the conduct alleged above.

a) Defendant Farquhar, Bogs and Hasser directed his personal animus against Plaintiffs by threatening and attempting to intimidate Plaintiff by driving past the Plaintiffs residence daily.

b) On further belief, Mayor Theresa Bogs recommends the appointment of the Director of Code Enforcement Division to the Board of Trustees.

c) On even further belief, members of the Board of Trustees have only voted "no" on legislation Theresa Bogs proposed once in his 2 years as Mayor.

111) As a direct and proximate result of the Defendants' actions, the named Plaintiffs have suffered and will continue to suffer irreparable injury to their constitutional rights.

112) As a direct and proximate result of the Defendants' campaign to harass, retaliate, and punish Plaintiffs, they have been deprived of their due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP and MPD in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

## COUNT III - 42 U.S.C. § 1983 DEPRIVATION OF FIRST AMENDMENT RIGHTS OF SPEECH, EXPRESSION, AND RELIGION

(Against VOM, MPD and named employees in their individual capacity)

113) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

114) Plaintiffs' right to speak, write, and publish freely and petition the government is protected under Article 1, Section 4 of the United States Constitution, free from retaliation. (Esmail v. Macrane, 53 F.3d 176, 180 (7th Cir. 1995)(If the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a remedy in federal court).

115) As described more fully above and incorporated by reference herein, Plaintiffs engaged in extensive protected speech on matters of public concern, including, but not limited to:

a) Right to privacy;

b) Right to be free from undue persecution in their home;

c) Right to free speech;

d) Right to freedom of expression;

e) utilizing Plaintiffs driveway to house his Camper

f) Petitioning the government and publicly by filing a cause of action in federal court and once that action was dismissed defendants retaliated against Plaintiff

116) As a result of the Plaintiffs' protected activities, Defendants retaliated against the Plaintiff.

117) Defendants intended by each of the actions described in the preceding paragraphs to punish and retaliate against Plaintiffs for exercising their First Amendment Rights and deterring them and others from exercising such rights in the future.

118) Plaintiffs have suffered harm due to Defendants' actions and have been deprived of their rights secured under the First Amendment to the United States Constitution. This deprivation of Plaintiffs' constitutional rights is actionable pursuant to 42 U.S.C. § 1983.

119) Defendants' acts have caused Plaintiffs' damages such as emotional distress, unlawful monetary judgments, inconvenience, legal fees, future financial losses, and other compensatory and consequential damages.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant **"VMP"** and **"MPD"** in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count IV—42 U.S.C § 1983: Municipal Policy Claim**
**(Against the Village of Monee)**

120) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein

121) Plaintiffs re-allege all of the preceding paragraphs and incorporate them in this count.

122) Defendant Village Monee, Illinois, is responsible for the creation and adoption of rules and regulations for the governance of the Village.

123) The Village of Monee, Illinois retains policy makers that train and supervise its police officers about the legitimate use of their police powers.

124) Similarly, The Village of Monee, Illinois utilizes legislators, called trustees, who have final policy making authority. The Village of Monee, Illinois, also utilizes a chief executive, known as the mayor, who has final policymaking authority. The Village of Monee, Illinois, has a grossly inadequate system of training and supervising its trustees and mayor regarding the appropriate use of their official powers.

125) The unconstitutional actions of VOM and MPD Officers as alleged above, were done pursuant to the policy and practice of the Village of Monee, Illinois of failing to adequately and meaningfully train, supervise, or discipline its police officers. Such a failure amounts to deliberate indifference on the part of the Village of Monee, Illinois and on the part of its leading officials.

126) The unconstitutional actions of Village Clerk Wayne Hasser and Mayor Jay Farquhar, Mayor Theresa M. Bogs, are considered direct action by the Village of Monee, Illinois. In addition, the unconstitutional actions by Village Clerk Wayne Hasser and his wife Mayor Theresa Bogs were done pursuant to the policy and Practice of the Village of Monee, Illinois, to allow its trustees and chief executive to behave outside the confines of the law without any fear of meaningful discipline or police investigation. Such a failure amounts to deliberate indifference on the part of the Village of Monee, Illinois and on the part of its leading officials.

127) At all times relevant to this complaint, Defendants VOM, MPD, Wayne Hasser, Mayor Theresa Bogs and Mayor Jay Farquhar were acting under color of law and pursuant to the policies set forth by the Village of Monee, Illinois.

128) The Village of Monee failure to properly train, discipline, monitor, control and supervise its police officers, trustees, and mayor was the direct and proximate cause of the injuries to Plaintiffs.

129) In addition, the direct misconduct of Wayne Hasser, Mayor Theresa Bogs and Mayor Jay Farquhar were the direct and proximate cause of the injuries to Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count V—Intentional Infliction of Emotional Distress**
**(Thompson , KRT vs. MPD)**

130) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

131) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

132) KRT is a minor child and has lived with her father/Plaintiff since age two. KRT has attended Monee Elementary started in in 2014 Kindergarten Class from her Monee residence of 6644 W Maple CT and for the last nine years the school bus picks KRT up at the beginning of her driveway.

133) A dispute arose between Plaintiff and KRT's biological mother as it relates to the mother utilizing KRT name to obtain state food stamps/LINK as a result the mother went to Monee Police stations requesting, they help her in acquiring KRT

134) Them **did not exist** :

a) A DCFS investigation and never has been one relating to custody or well-being of KRT.

b) Their existed no court order directing Plaintiff to turn over his child to the Police or her mother.

c) The police reports do have any data that reference that KRT was being abused, neglected or in harm's way of any sort.

135) The Mone Police informed Plaintiffs Attorney Tim Tyler :

*"We will arrest ken if he does not turn over the child"*

136) Monee police was fully aware that KRT had attended Monee Elementary for 4 years, BUT the **"MPD"** just saw an opportunity to be vindictive and seek revenge against Plaintiff for filing a federal lawsuit against MPD in 2012.

137) July 10, 2018, Plaintiff was advised by Attorney Tyler to turn over his daughter because it will be more harm to "KRT" if Plaintiff was arrested in front of her.

138) KRT was confiscated illegally by the Monee Police and resulting in KRT entire life being turned 9upside down, MPD handed KRT over to her mother.

139) August 20, 2018, Plaintiff obtained a Will County Court order and a Cook County Court order for the immediate return of the KRT to her Father/Plaintiff and KRT has lived with her father the Plaintiff ever since. See exhibit 5

140) KRT was emotionally distraught, hurt, depressed, sad because she had not seen her father or puppy in over 30 days and the mother was a non-active parent in KRT's life.

141) MPD vindictiveness and violations of state and federal law caused a minor child a significant amount of unhappiness and it took 2 years for KRT to rebound from the emotional Trauma that the MPD put KRT through. This was again the defendants FLAGARNT abuse of power.

142) All defendants intentionally engaged in conduct that is extreme and outrageous. Through their actions, intended to inflict severe emotional distress on Plaintiffs or knew that there was a high probability that their conduct would result in severe emotional distress. Defendants conduct described in the above paragraphs was willful and wanton.

---

9 Leaving a community in the Sothern Suburbs with a very low crime rate and moving in with her mother on 52nd and Wallbash where KRT could not even go outside and play due to dangerous community

143) As a direct and proximate cause of the defendants "MPD" outrageous conduct, Plaintiffs did in fact suffer severe emotional distress, including sleep disruptions, anxiety, and hyper-vigilance.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant Village of Monee Police Department in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count VI—Conspiracy**
**Federal and State Law Claim**
**(Against All defendants)**

144) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

145) Defendants, along with unnamed co-conspirators, acted jointly in discriminating against, and intentionally inflicting emotional distress upon Plaintiffs.

146) In furtherance of the conspiracies, the named Defendants committed the overt acts set forth above and the conspiracies were continuous and fully described above.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against "ALL" in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**VII: Respondent Superior**

147) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

148) Defendants Mayor Jay Farquhar, Mayor Theresa M. Bogs Wayne Hasser, Romulua Biris , Michael Kos, Chief Scott Koerner, Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig and named employees in their individual capacity were, at all times relevant to this complaint, employees of the Defendant Village of Monee

149) Mayor Jay Farquhar, Mayor Theresa M. Bogs Wayne Hasser, Romulua Biris , Michael Kos, Chief Scott Koerner, Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig were acting within the scope of their employment and their actions are imputed to the Defendant Village of Monee, Illinois, under state law pursuant to respondent superior.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages,

for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**COUNT VIII – Indemnification**
**(Against VOM)**

150) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

151) Defendant VOM is obligated to assume financial responsibility for the actions committed by its officials or employees, including Defendant Wayne Hasser.

WHEREFORE, for the foregoing reasons, Plaintiffs requests that this Court enter judgment in their favor, and against Defendant Village of Melrose, Park, Illinois, and enter an order requiring Defendant Village to indemnify the other Defendant in this matter.

**COMMON PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

152) Conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties to bring about a settlement of this case;

a) Conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties to bring about a settlement of this case;

b) Audit the Village of Monee Code Enforcement ticketing policies, housing code, and municipal court for its treatment of senior citizens and private nuisances;

c) Audit the Village of Monee Police Department's parking ticket policies;

d) Award Plaintiffs actual and compensatory damages to the extent permissible by law to compensate the Plaintiffs for injuries and losses caused by Defendants' conduct;

e) Award Plaintiffs prejudgment interest;

f) Award Plaintiffs reasonable attorneys' fees and costs if applicable; and

g) All other relief as the interests of justice require.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**JURY DEMAND**

153) Plaintiffs hereby demand a jury trial on all issues so triable

BY:

Pro Se
/s/ Kenneth Thompson September 18, 2023
Kenneth N. Thompson, SR
6644 Maple Ct
Monee, Il 60449
PH: 708-646-5839