**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kenneth Thompson, Sr and KRT a minor,<br><br>Plaintiff<br><br>VS<br><br>The Village of Monee an Illinois Municipal Corporation, Mayor Jay Farquhar, Mayor Theresa M. Bogs, Chief Scott Koerner, Wayne Hasser, Romulua Biris , Michael Kos , Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, Officer Drum, Officer Blake, Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT FOR VIOLATION OF CIVILA RIGHTS AND STATE SUPPLIMENTAL CLAIM<br><br>Case No. 23-cv-13982<br><br>Jury Trial Demanded<br><br>JUDGE NANCY L. MALDONADO |

**PLAINTIFFS FIRST AMENDED COMPLAINT**

Plaintiffs Kenneth Thompson, SR and KRT (collectively Plaintiffs) Pro Se , Bring this complaint against defendants, The Village of Monee an Illinois Municipal Corporation Village of Monee, The VOM Department of Code enforcement, Mayor Theresa M. Bogs in her Individual Capacity, Wayne Hasser in his Individual Capacity, Romulus Biris in his individual Capacity, Michael Kos in his individual Capacity **"VOM"**, Monee Police Chief Scott Koerner in his individual capacity, Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig

**"MPD"** and Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch and Wayne Hasser as a neighbor **"NEIGHBORS"** and allege upon personal knowledge regarding each of them and their own acts, and on belief, regarding all other matters:

## INTRODUCTION

Plaintiff, Kenneth Thompson, Sr an African American business owner for 31 years and has resided at 16644 W Maple CT in Monee, Illinois for over 19 years and, Plaintiff currently has one remaining minor child at home, age 14 and she has attended Monee school district for nine years.

During Plaintiffs tenure in his home the named defendants instituted a conspiracy campaign that was racially motivated, a campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff (over $10,000.00 in municipal fines) including but not limited to the below:

1) Plaintiffs' car was set on Fire by defendants David Lynch, Judith Lynch and their son. Plaintiff received a total of 129 bogus municipal fines, Police tickets, VOM written and verbal warning, MPD written and verbal warning and some incidents included even arrest of Plaintiff. Plaintiffs' child (Kierra Thompson) at age 11 were harassed by defendants as well as all of Plaintiffs other children.

1 it is significant to note that Plaintiffs home is located in the LAST cul-de-sac in Gorman Farm Estates where every Estate sits on 2.5 acers of land if not more and 5.3 miles from Village of Monee Village Hall.

Plaintiffs was run off the road by Village Clerk, Wayne Hasser but similar incidents/ Police reports show defendant Wayne Hasser Village clerk did the same thing to African American Amazon employee. Police reports exist with MPD relating to Defendant Wayne Hasser running Plaintiff off the road and not even stopping. Defendants "THE NEIGHBORS" Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch contacting Plaintiffs professional business vendors and acquaintances on multiple occasions in writing and verbally defaming Plaintiff and making unfounded false allegations about Plaintiff. The defendants Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch, Mayor Theresa M. Bogs and Wayne Hasser new those allegations were 100% wrong. The Mayor of Monee (10-year tenure), Jay Farquhar was assigned a special Will County Prosecutor (Defendants, MPD refused to arrest and charge their mayor) and the Defendant / Mayor Jay Farquhar was charged, arrested and pled guilty to felony charges for his total disregard for human ethics and the law.

Plaitiff filed a lawsuit against Defendants in 2012 and after the case was dismissed in 2015, All defendants started a very aggressive conspiracy campaign that was racially motivated, a campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship in efforts to force Plaintiff to move.

It is also important to note:

Defendant, "**NEIGHBORS"** Erwin Bogs in the past has maintained position (member and chairperson) of Village of Monee Planning and Zoning Committee (father of defendant Mayor Theresa Bogs and father-in-law of Defendant Wayne Hasser).

Defendant Wayne Hasser (Husband of current Mayor Theresa Bogs) has maintained a political office as Monee Village Clerk for over 10.5 years.

Defendant Theresa Bogs is the current Mayor for Village of Monee (Daughter of Defendant Erwin Bogs).

Defendants Irwin and Roberta Bogs live directly across the street from Plaintiff and are the Parents of the Mayor Theresa Bogs, and based on information and belief over 75% of all complaints have originated from the Mayor Theresa Bogs and her husband Wayne Hasser, (The Village Clerk ) Roberta Bogs and Irwin Bogs ( Mayors' parents).

2) Defendants, Monee Police Department and the Village of Monee over the past 19 years have constantly approached Plaintiff with multiple complaints from neighbors for example: loud music, profanity, trailer on the street, trailer in the grass, Garbage Can visible, ATV on Grass, ATV riding in cul-de-sac, the complaints were always anonymous BUT, Plaintiffs verified exhibits (Date stamped images with, longitude, Latitude of organ and equipment used to take the picture and video) will show the house directly to Plaintiffs left and right had EXACT same circumstances but no such verbal warning, written warning, citations and tickets were issued to those residents and the

same circumstances still exist to date. Plaintiff also provides eight other properties in his subdivision that defendants had to drive pass to get to Plaintiffs home with exact same circumstances/alleged violations.

3) Mayor Theresa Boggs residence: Often times, Plaintiff would be in route to the local gas station for supplies and Plaintiff would notice marked Monee Police car/s at the 2Mayor's residence. Plaintiff would do a u turn to return to his home and the Monee Police would follow Plaintiff from the Mayors residence to Plaintiffs home and then; "Mr Thompson" or "Ken" we are getting anonymous complaints about you"

   The complaints ranged from :

   a. Trailer in the grass, ATV in the Grass , Garbage can visible, loud music, a lot of cars at your residence, RV in the street, RV on the grass, burning wood, burning paper.

   This was a common practice for the Mayor Theresa Boggs to abuse her power and utilize the Monee Police to Harass and intimidate Plaintiff and Plaintiffs family.

4) Plaintiff brings this action to redress acts of equal protection **Count I**; Class of one violation of equal protection, **Count II;** 42 USC § 1983 Deprivation of First Amendment Rights of Speech, Expression and Religion, **Count III**; 42 USC § 1983 Policy to Retaliate against Plaintiffs to Suppress their First Amendment Right; **Count IV**

2 Plaintiff often observed the Mayor Theresa and her Husband talking to the Monee Police at their front door.

42 U.S.C § 1983: Municipal Policy Monell Claim **Count V**; Intentional Infliction of Emotional Distress , Count **VI** Federal and State Conspiracy Claim, **Count VII**: Private Nuisance and Harassment **and Count VIII:** Indemnification

**JURISDICTION and VENUE**

**5)** This action is brought pursuant to 42 U.S.C § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution. .

6) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under U.S.C § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the Village of Evergreen Park, Illinois.

7) The Court has supplemental jurisdiction over the state law administrative review count.

**PARTIES**

8) At all times relevant and herein mentioned, Plaintiff, Kenneth Thompson, Sr ("THOMPSON" or "PLAINTIFF"). THOMPSON was and is a United States citizen and resides in the Northern District of Illinois.

9) At all times relevant and herein mentioned, Plaintiff, KRT a minor ("PLAINTIFF"). was and is a United States citizen and resides in the Northern District of Illinois.

10) Defendant Village of Monee **"VOM"** is a municipality incorporated under the State of Illinois laws. It funds both the Defendant, Department of Code Enforcement and the municipal court system of the Village, the Department of Administrative Hearings.

11) Defendant Mayor Jay Farquhar, Mayor Theresa M. Bogs ("**VOM**") the Mayors for the Village of Monee. Defendants were and is a final policymaker and serves as the mayor of the **"VOM".** Defendant Farquhar and Bogs engaged in the conduct complained of while acting under the color of law. Defendants are sued in their individual capacity.

12) Defendant Wayne Hasser, Romulus Biris , Michael Kos and the previous Mayor Jay Farquhar, "**VOM**" for the Village of Monee. Defendant Farquhar was a final policymaker and served as the mayor of the "VOM". Defendant/s engaged in the conduct complained of while acting under the color of law. Defendants are sued in their individual capacity.

13) Chief Scott Koerner, Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, **Village of Monee Police Department (MPD)** in their position and under color and pretense of statues, ordinances, regulations, customs and usage of the State of Illinois, Will County and under color of State Law conspired with others to violate Plaintiffs U.S Constitutional protected rights. Defendants are sued in their individual capacity.

14) Defendants Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch_"**NEIGHBORS**") At all times herein mentioned defendants are United State citizens and residence of the Northern District of Illinois, (each, a neighbor, collectively, are residents in the Village of Monee, Will County, and Gorman Farms Estates.

## AFFIDAVIT OF FACTS AND BACKGROUND ALLEGATIONS

15) Kenneth Thompson, Sr is an African American father of five children, Plaintiff is a single Father with one remaining child at home, his 14-year-old daughter who will attend Crete-Monee high school in the fall of 2024. Plaintiff also has custody of his two minor grandchildren (ages 7 and 9) who attend Monee, Elementary.

16) Plaintiff purchased his Home at 6644 W Maple Ct in Monee, Illinois June 5, 2005 and the following year started experiencing weekly negative experiences with the "NEIGHNORS". "VOM" and "MPD".

17) Subsequent to Plaintiffs Purchase of his home at 6644 W Maple Ct, Plaintiff and his significant other purchased Investment property's especially one in Monee such as 6636 W Maple Ct Monee, and other properties throughout Illinois.

18) **August 15, 2007** Plaintiffs son **"KEENAN"** hosted a trunk party in celebration of him attending the University of Illinois at Urbana Champaign. **"KEENAN's"** Friends were harassed by the **"MONEE POLICE"** later on that night and two of **"KEENAN'S**" friends were wrongfully arrested.

19) **June 21, 2008 DRUMM"** arrived at Plaintiff's home during Plaintiff's daughter's 11-year-old birthday party and **DRUMM** threatened to arrest alleging a **"NEIGHBOR"** called complaining about noise at Plaintiff's Three (2.5) acre estate. The event consisted of 12 children from Chicago South Loop Elementary School.

20) **May 11, 2009** Plaintiff called Monee Police to request assistance because a trespasser was on Plaintiff's property and **DRUMM** tried to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney Robert Sharp. **DRUMM** was not successful in arresting Plaintiff and **DRUMM** then left Plaintiff property, this entire incident was video recorded and the Video recording was given to Chief CARUSO.

21) **July 11, 2009 "NEIGHBORS"** repeatedly used their residential land line phones and cellular phones and called Monee Police department numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e) Plaintiff is not cutting their grass and bringing down my property value"

22) **July 11, 2009** **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's home several times through-out the day while Plaintiff was celebrating his Birthday with seventy-five (75) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, tried** to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney Harvey Wright. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** was not successful in arresting Plaintiff and **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property but continued to return every hour.

23) In many instances Defendants would issue multiple tickets on the same day, same time without even notifying Plaintiff of the alleged violations or providing copy of tickets.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2007OV006963 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 262.00 |
| 2007OV006962 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON | ORDINANCE VIOLATION | 08/22/2007 | 392.00 |

**August 6, 2009** Defendants VOM and MPD issued Plaintiff three alleged Code Violations same day, for same alleged incident each ticket was $1952 totaling $5856.00.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2009OV005764 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE BLDG PERMIT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |
| 2009OV005763 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE BLDG PERMIT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |
| 2009OV005760 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | FAIL TO PURCHASE IT | ORDINANCE VIOLATION | 08/06/2009 | 1,952.00 |

Note the sequential last number of the Tickets

24) **2007 – 2009** Defendants VOM and MPD issued multiple code violations without even providing Plaintiff with copies or any notice.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2008OV004505 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | PARKING WHERE PROHIBITED | ORDINANCE VIOLATION | 05/09/2008 | 262.00 |
| 2008OV003686 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ANIMAL NUISANCE | ORDINANCE VIOLATION | 04/16/2008 | 1,142.00 |
| 2007TR103106 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | PERMIT UNAUTHD PERSON TO DRIVE | TRAFFIC | 08/22/2007 | N/A |
| 2007TR022784 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | REGIS EXPIRATION/1ST & 2ND | TRAFFIC | 02/21/2007 | N/A |
| 2007OV009618 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | PERMITTING DOG TO RUN AT LARGE | ORDINANCE VIOLATION | 11/21/2007 | 534.00 |
| 2007OV008886 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | DOG RUNNING AT LARGE | ORDINANCE VIOLATION | 11/07/2007 | N/A |
| 2007OV008885 | Collection Notice | Defendant | THOMPSON KENNETH | 1967 | DOG RUNNING AT LARGE | ORDINANCE VIOLATION | 11/07/2007 | N/A |
| 2007OV007724 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 09/26/2007 | 132.00 |
| 2007OV006963 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 262.00 |
| 2007OV006962 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 08/22/2007 | 392.00 |
| 2007OV004701 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | ATV PARKED ON GRASS | ORDINANCE VIOLATION | 06/27/2007 | 392.00 |
| 2009OV007206 | Collection Notice | Defendant | THOMPSON KENNETH | N/A | CONSTRUCTION WITHOUT A PERMIT | ORDINANCE VIOLATION | 09/10/2009 | 652.00 |

25) **July 10, 2010 "NEIGHBORS"** Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch, Mayor Theresa M. Bogs and Wayne Hasser

repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e) Plaintiff is not cutting their grass and bringing down my property value"

f) Plaintiff have their dog and toys are on my property"

26) **July 10, 2010** , Police **Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** arrived at Plaintiff's home several times throughout the day while Plaintiff was hosting a business Networking Function with eighty-five (85) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, tried** to arrest Plaintiff but Plaintiff entered his home and locked the door based on advice from Attorney James Hardemon. **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** was not successful in arresting Plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property, but continued to return throughout the day harassing Plaintiff's family, friends, and business associates frequently.

Officer Blake attempted to arrest Plaintiff. Plaintiff, under advice of legal counsel, Plaintiff entered his home locked the door and officer Blake attempted to enter Plaintiff's home but was stopped Residential security officer Hassen Gulen. A request for a search warrant was requested from Officer Blake but not produced and then Officer Blake left the private property of the Plaintiff. Officer Blake threatened the Plaintiffs family, friends and business associates that he would be back to arrest Plaintiff.

27) **July 9, 2011 "NEIGHBORS"** Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,

And Mayor Theresa M. Bogs and Wayne Hasser repeatedly used their residential land line phones and cellular phones and called Monee police department numerous times and made false allegations against Plaintiffs family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

e)Plaintiff garbage can is in the street

f) Plaintiff is not cutting their grass and bringing down my property value"

28) **On July 9, 2011** "MPD" **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones, and DRUMM** arrived at Plaintiff's home several times throughout the day while Plaintiff was Hosting a business Networking Function with fifty five (55) friends and business associates **Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** tried to arrest Plaintiff, but Plaintiff entered his home and locked the door **"MONEE POLICE"** was not successful in arresting Plaintiff and "**Police Officers Lazzaroni, Blake, Cresenti, Fowler, Cash and Jones,** then left Plaintiff's property, but continued to returned throughout the day harassing Plaintiff's family, friends, and business associates frequently.

*"On 07/09/11 at 1706 hours I officer Cresenti # 129 was dispatched to 6646 Maple CT for an ATV complaint. A refused caller stated that the residents at that address were driving ATVs in the field next to the house.*

*Upon arrival I observed that there were ATV's being driven, however they were on the owner's property at all times. I spoke with Kenneth Thompson M/B/44 who was the owner of the residence and informed him that the ATV's had to stay on his property at all times and he complied"* 3**See exhibit 1**

29) **July 17, 2011** Defendant **"NEIGHBORS"** Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch, And Mayor Theresa M. Bogs and Wayne Hasser repeatedly used their residential land line phones and cellular phones and called "MPD" numerous times and made false allegations against Plaintiff's family, friends, acquaintances and business associates to wit:

a) Plaintiff is riding All Terrene Vehicles (ATV) on our property"

b) Plaintiff are playing loud music I want them arrested"

d) Plaintiff are parking their cars on my Grass"

**THOMPSON VS MONEE, ETL 12 CV 05020**

30) **June 25, 2012** Plaintiff filed a cause of action against the Village of Monee, tell in 12CV05020 which was eventually dismissed but the defendants "VOM", "MPD" and "**NEIGHBORS"** became relaxed AND Plaintiffs harassment slowed down for an estimated 3 years but when the case was disposed of on June 17, 2015 the defendants started again in aggressive retaliation with their racially motivated conspiracy, campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment

3 On this date Plaintiff owned both property 6644 W Maple Ct and 6636 W Maple CT which totaled 6 acres for his children to ride their all-terrain vehicles.

actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff and Plaintiffs family.

31) **September 8, 2014** Plaintiff had to file a complaint with Chief of Police because detective Blake tried to Run Plaintiff off the road. See exhibit 2

**2015 TO AUGUST 2023 DEFENDANTS RETALIATION AGAINST PLAINTIFF FOR EXERCISING HIS CONSTITUTION RIGHTS**

32) Starting **2015** ALL Defendants Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch, *Mayor Jay Farquhar* , Mayor Theresa M. Bogs and Wayne Hasser Romulus Biris , Michael Kos , Officer Evie Lazzaroni, Officer Blake, Officer Drum, Officer Jamal Martin, Officer Matthew Ludwig, Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch again, began an aggressive targeted campaign to bully, harass, and retaliate against Plaintiff for asserting their constitutional rights.

33) The acts constituting harassment and retaliation by the Defendants the defendants include repeatedly issuing daily phone calls from defendants "**NEIGHBORS**" ***(****Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch)* and **"VOM"**, *( Mayor Theresa M. Bogs and Wayne Hasser)* to Defendants "**VOM**" ***(Code enforcement officers***, *Romulus Biris, Michael Kos)* and Defendants "**MPD**" **(** Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig). Resulting in Plaintiffs receiving tickets, Plaintiff receiving fines, leaving warning notes, improperly surveilling and patrolling Plaintiffs' home and an attempt to intimidate, harass and oppress Plaintiff in addition to Physical harm on Plaintiff.

34) The below facts will clearly show The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM" *(****Mayor Jay* Farquhar, *Romulus Biris, Michael Kos)* defendants conspired to selectively apply and enforced its code ordinances against Plaintiff.

35) On further belief, no other residents that live in Plaintiffs subdivision received verbal warning, written warning, citation violations, fines and tickets as Plaintiff.

36) **In July 2015** Police *4*reports will show that Plaintiff had to call 911 because the Defendants Wayne Hasser ( at the time was the Monee Village Clerk) tried to run Plaintiff off the road with his Black jeep.

*37)* **July 24, 2015** at 2142 hours The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)*

again, filed a false police report against Plaintiff:

*"Ofc Stephen Crecenti, and I ofc Teresa Cancialosi were dispatched to 6636 W Maple Ct in reference to subjects playing very loud music and that vehicles are parked in the back yard. (Be advised we had received a call 2015-09506) just prior to this at 2122 hours ,*

4 Plaintiff submitted a FOIA request via hand delivery and email but defendants refused to provide a copy of police report.

*for a refused complaint that a party was starting at 6644 W Maple CT and that cars were starting to gather, only two vehicles so far, and that they were pulling into the yard at 6636 W maple CT Ofc Crecenti arrived before me and spoke with Kenneth L Thompson M/B/48 and **advised Eastcom that all the cars were parked legally so far that he could see and that the music was not loud**" see exhibit 3*

**PLAINTIFFS INVESTMENT PROPERTY IN MONEE**
**6636 W Maple court**

38) **2014** Plaintiff and his significant other started major remodeling on their investment property that Plaintiffs had acquired late 2011.

39) **PLAINTIFFS CAR WAS SET ON FIRE**

**June 2015** Plaintiffs significant other (Latonia Johnson) left Plaintiffs home at around 6am in efforts to retrieve her Vehicle from the garage at their investment property, so that she could drive to the train station and attend work.

**Latonia Johnson came running back in Plaintiffs home screaming…**

*"The car is on fire; the car is on fire"*

Plaintiff immediately got dressed and ran through his yard to his investment property, where Plaintiff identified that his sons Volkswagen Passat that was located in the grass to

the left of the 5detached two car garage had been incinerated and the only thing remaining was a metal shell and some white smoke.

On belief, the individual(s) responsible for burning Plaintiffs son car and vandalism are working with or at the direction of Defendants.

40) **2015 to 2017** Defendants "MPD" and "VOM" frequently arrived at plaintiffs' investment property while he was remodeling the interior in one instance the chief of Police even arrived with the Village of Monee code enforcement**.** The defendants constantly threatened Plaintiff that he had no authority to be on his property and he had no authority to perform any work on his property. Due to this continued harassment Plaintiff Put orange cones at the driveway entrance of his investment property in efforts to prevent the defendants from trespassing on his investment property and minimize the Harassment from the defendants.

41) **July 22, 2015** The defendant neighbor (David Lynch ) son (Michael Lynch) was caught on Plaintiffs Video surveillance equipment trespassing on Plaintiffs investment property, removing all the orange cones and throwing them in the grass on to Plaintiffs primary residence. Plaintiff called 911 and after showing **MPD** the Video of the incident, the Monee Police arrested ( PEOPLE OF THE STATE OF ILLINOIS vs. MICHAEL D

5 Plaintiffs Investment property had 264 trees on the estate and the location of Plaintiffs son car was only visible if you travelled onto the end of the drive way. The driveway is 263 feet long and the drive way is blocked off by 20 feet trees.

LYNCH in 2015CM00218) defendants' son but MPD never provided Plaintiff with a court date so the charges were dropped by the Assistant States Attorney.

**Charge 01 Count 001 CRIMINAL TRESPASS TO LAND**
08/25/2015 Statute 720 5/21-3(a)(2) Class B Orig.
Agency: MONEE VILL Charge Instr: COMPLAINT

42) Based on information and belief ALL defendants assisted , Michael Lynch with setting Plaintiffs son's car on fire while Plaintiffs son, Keenan Thompson, ESQ was in his 1st year of Law school.

43) **2016 - 2018 Defendants VOM and MPD** started taping numerous code violations and police tickets taped to the front door of Plaintiffs investment property and those fines had to be paid when Plaintiff sold the asset. Ironically, defendants VOM and MPD issued multiple code Violations and tickets for the burnt car even though the car was not visible from any street view and the car was burnt immediately due to use of some form of accelerant leaving very little smoke. Plaintiff did not file an insurance claim due to concern of his rates increasing.

## DEFENDANTS SLANDER AND DEFAMATION

44) **August 10, 2016** Plaintiff had finally finished the remodeling of his investment property (6636 W Maple CT) that was located directly south to plaintiff's home. Plaintiff retained the service of an Illinois real-estate broker so that he could sell the home.

**https://www.realtor.com/realestateandhomes-detail/6636-W-Maple-Ct_Monee_IL_60449_M89540-18910** The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) and The Defendants **"VOM"** *(Wayne Hasser was the Village Clerk at the time)* and employee/Vendor of Safebuilt, Named Bill Raglin notified Plaintiffs Real-estate Broker in writing and over the phone;

*"The Village of Monee is in possession of a Complaint filed saying ken has no authority to rent the house…." Thompson is a squatter same as he was down on Winfield…"*

Plaintiff spoke to his Attorney Chris Gekas and Attorney Gekas advised Plaintiff to immediately go to the Village Hall to obtain a copy of this alleged complaint, Plaintiff drove to the Monee Village Hall and met with Bill Regan who provided Plaintiff with a two-sentence typed statement but no such documentation was provided to Plaintiff that represented a complaint.

***See exhibit 4***

As a result of the Defendants **"VOM"** The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) false defaming verbal and written representation, Plaintiffs broker withdrew Plaintiffs listing from the MLS to sell the home and Plaintiff had to contract with another broker, Sun Realty resulting in Plaintiff eventually successful selling his asset but the delays caused Plaintiff more expenses for Real-estate taxes and maintenance and additional interest cost.

45) **August 10, 2016** Plaintiff requested to speak with the *Mayor Jay Farquhar ABOUT THE CONTINUED HARRASSMENT* but the Mayor of Monee, Jay Farquhar was not available because on the same day he was charged with Felony aggravated batter in case 2016CF001711 PEOPLE OF THE STATE OF ILLINOIS vs. JAY A FARQUHAR for his conduct on June 6, 2016.

> *https://www.chicagotribune.com/suburbs/daily-southtown/ct-met-ex-monee-mayor-pleads-guilty-20180628-story.html*
> *Jun 28, 2018 — Former Monee Mayor Jay Farquhar pleaded guilty on June 28, 2018, to aggravated battery, court records show ...*

46) **August 29, 2017** Defendants **"VOM"** continued targeted harassment and intimidation by arriving at Plaintiffs Home with two Village employees which they confronted Plaintiff and stated:

*"We got a call that you were burning stuff in your yard"*

Even though Plaintiff paid for permits that were approved by the defendants to build his brick Paver patio and fire place.

47) **July 10, 2018** Defendants *Officer Evie Lazzaroni, Officer Jamal Martin* illegally removed Plaintiffs minor child from Plaintiffs custody absent of any court order or DCFS investigation. Defendants knew or should have known that Plaintiffs minor child lived with him and attended Monee elementary for four (4) years from Plaintiffs home. Plaintiff successfully filed EMERGENCY motions resulting COURT ORDER from both

a Will County Judge and a Cook County Judge, 30 days later, returning minor child to Plaintiff, and to date Plaintiff has had custody of his minor child. **See Exhibit 5**

Plaintiffs recorded video shows the defendants The Defendants "**MPD**" ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig)*

significantly fabricated Police reports relating to "MPD" interaction with Plaintiffs Attorney Timothy Tyler.

48) **In August 2019** video and audio surveillance will show The Defendant "**NEIGHBORS"** *( David Lynch)* Banged on Plaintiffs front door very hard and loud, Plaintiffs went to answer his door:

Defendant, David Lynch: *"kenny, I found some dog sh—on my back door did you do that" ( his dominor was very very aggressive and he had both his fist balled up and elevated)*

*Plaintiff: Shut his front door and locked the door without any response to defendant David Lynch*

49) **March 11, 2019** Defendant **"NEIGHBORS"** Erwin Bogs continued targeted harassment and intimidation yelled at Plaintiff from his drive way:

*"Kenny, you need to move all those campers in your drive way this is not that kind of neighborhood"*

50) **March 12, 2019 the very next day** The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) continued targeted harassment and intimidation alleging that Plaintiffs friend's camper that was parked legally in Plaintiffs own drive way but allegedly should be 10 feet further in Plaintiffs drive way. **see exhibit 6**

Plaintiff was cited for an inapplicable part of the code as Plaintiff does not reside in the inner city of Village of Monee and the code was designed to protect Village plumbing and electrical resources/equipment. Plaintiff has no water bill or city resources because Plaintiff has his own Well and septic tank not to mention the camper was at all times on Plaintiffs private property completely.

See exhibit 7

**All** defendants on a daily bases made a point to travel specifically by defendants' home to intimidate, harass and oppress defendant by issuing warning, citation , fines, tickets for whatever the defendants could imagine , from garbage can visible to ATV on the grass.

**DEFENDANTS RECAIALLY MOTAVATED DISCRIMNATORY BEHAVIOR**

**VIA SLECTIVE CODE ENFORCEMENT**

"similarly situated" comparators"

51) 5215 W Main Street, Picture below depicts the exact same circumstances that defendants have allegedly cited Plaintiff for.




52) Based on Belief the above residence of 5215 W Main Street has not been issued any warnings or tickets because the camper is still there as of the date of filing this complaint.

53) The obvious targeted discriminatory behavior against Plaintiff is supported because;

a. Monee Village Hall 5130 W Court Street, google maps indicate that the above Picture/5215 W Main Street is 1 minute from Village Hall by car or 2 minutes by bike.

b. Monee Police department located at 5357 W Main Street google maps indicate the above picture of 5215 W Main Street is 1 minute by car or 1 minute by bike

c. This 5th wheel Trailer is in the Village Monee inner city limits and the residence utilizes the VOM water system and drainage system unlike Plaintiff.

54) **July 2, 2019 around 3.50 pm** Plaintiff was driving his vehicle in Plaintiffs subdivision of Gorman Farm Estates, Plaintiff was traveling North bound on Winfield rd. and Plaintiff noticed an African American woman in the road crying while on a cell-phone and she was 15 feet away from an Amazon truck (Indiana Plate TK388NQF) that was in the ditch in front on defendants Wayne Hassers home.

Plaintiff turned his vehicle around to help the women in distress and when Plaintiff approached the African American women she stated to Plaintiff;

*"This white man ran me off the road and stated Black bi--- don't come back in this neighborhood or else…."*

Plaintiff questioned the Amazon worker as to what white man and the amazon employee pointed to defendant Wayne Hasser.

Plaintiff utilized the resources of his vehicle (chain & f350 dully diesel) to extract the Amazon truck from the ditch.

Exhibit 8




**VILLAGE CLERK AND AMAZON July 2, 2019 POLICE REPORT**

*"On 07/02/19 at 1608 hours, I sergeant Anthony Lazzaroni revived a dispatched call for a motorist assist with a truck stuck in the grass in front of 26700 S Winfield Rd.*

*Upon my arrival , I spoke with xxxxxxxxxxxxxxx she was delivering for Amazon Prime on Winfield Rd, when a male on a riding lawn mower entered the street. Xxxxxxx Honked her horn for the subject to move **but he gave her the finger**. Xxxxxx then she had to take evasive action and drove off the roadway getting truck stuck in the grass. The male subject came over and said, "**that's why your black ass is suppose to stay on the sidewalk**".xxxxx felt alarmed by his actions, xxxxxxxsaid she called her supervisor…"*

This police report does not mention:

a. Plaintiffs assistance to the distressed female.

b. the police report does not mention that Plaintiff pulled the amazon Truck out of the ditch.

c. Police report does not mention Plaintiffs detailed conversation that he had with officer Lazzaroni about his own personal encounter with Wayne Hasser, The Village Clerk running him off the road.

*"Plaintiff: this must stop there is documented reports of Mr. Hasser doing the same thing to me in his Black Jeep, I had to call 911 for the exact issue, the Monee Police needs to deal with this issue before he kills someone"*

d. The female Amazon statements in the Police report does not include what she told Plaintiff

"*Black bi--- don't come back in this neighborhood or else…."*

This is simply another instance when the **"MPD"** intentionally fabricates and omits critical facts and truthful data to protect their Mayor and Village officials from their wrong doing and constitutional violations. The MPD would not even arrest their mayor after he brutally assaulted an umpire at a 7 years olds baseball game.

**T**he defendant Mayor Bogs husband, Defendant Wayne Hasser based on Plaintiffs first-hand knowledge, Defendant Hasser ran an Amazon employee off the road utilizing his tractor mower and made the above racial statement to the amazon driver resulting in, the Amazon employee calling 911.

Defendant, Wayne Hasser was the 6Government employee with the Village of Monee maintained the position of the Village Clerk at this time and abused his power as usual with Flagrant disregard for the constitutional rights of U S Citizens.

**See exhibits 8 & 9**

55) The Defendants Mayor Farquer and the Village clerk, Wayne Hasser was running the town as if Jim Crow days still existed.

The mayor was assaulting people physically at a seven years old baseball game and the Village Clerk was trying to run Black People off the road and out of Town.

**https://www.thevedette.com/two-vie-for-monee-village-clerk-wayne-haser/**

***How can the governmental body you're running for maintain or improve the quality of service it offers?***

*Jay Farquhar and myself along with the assembled administration have accomplished more in 4 years than has been seen develop in Monee in 40 years! The only way to maintain this quality of service is to re-elect Jay, myself and The Positively Monee Candidates to witness for yourselves, the energy and momentum.*

56) Defendants **"VOM"** code enforcement officers started driving by Plaintiffs home daily and when the defendants get to Plaintiffs home, they would slow their vehicle down and, in many instances, stop in front of Plaintiffs home just to scare and intimidate Plaintiff. Code enforcement vehicles would come to a crawl if not a complete stop frequently in front of Plaintffs residence looking for any excuse to harass Plaintiff.

57) December 1, 2020 as a result of the emotional pain and suffering Plaintiff was experiencing from defendants continued Harassment and threats about his RV being in

6 Village clerk for 10 years and 5 months

his own driveway, Plaintiffs started looking for a storage facility to relocate his RV from his own property.

58) **December 3, 2020** Defendants "VOM" continued targeted harassment, intimidation and threats toward Plaintiff;

***NOTICE OF CODE NON-COMPLIANCE***
***5-3-29: NUISANCES***

**see exhibit 10**

59) **March 2021**, Plaintiff decided to relocate his RV to Life Storage located at 7700 W 79th street Bridgeview, IL and the subsequent month Plaintiff moved his RV to storage number P333 which cost Plaintiff $264.32 a month.

**DEFENDANTS SLANDER AND DEFAMATION AGAIN**

60) **May 7, 2021** Based on information and belief which will be confirmed in discovery an anonymous email was crafted by The Defendants "**VOM"** ***(****Mayor Jay* Farquhar, *and Wayne Hasser Village Clerk)* The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* to ARDC, Anonymous No. 2021IN1350:

*"My understanding is that a neighbor has been investigated for impersonating an Attorney, I also believe he is a convicted felon, He resided in Monee, IL on Maple CT, His car now has magnetic signs advertising TLG a legal Group, thought you might be interested.*

*Kenny Thompson*
*6644 Maple CT*
*Monee, Il 60449*
*No Phone Available to me"*

***See Exhibit 11***

**SEPTEMBER 18, 2021 TO June 4, 2024 CIVIL RIGHTS VIOLATIONS BY ALL DEFENDANTS**

CONTINUING VIOLATION DOCTRINE

Plaintiff argues the continuing violation doctrine applies, and therefore his previous claims are not time barred. Under the continuing violation doctrine, "where a tort involves continuing or repeated injurious behavior, 'the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease.'" Pavlik v. Kornhaber, 326 Ill.App.3d 731, 745, 761 N.E.2d 175, 186-87 (2001) (quoting Hyon Waste Management Services, Inc. v. City of Chicago, 214 Ill.App.3d 757, 763, 574 N.E.2d 129, 132 (1991)). "A continuing violation *** is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." Hyon, 214 Ill.App.3d at 763. Dunigan v. People, 2023 IL App (4th) 220690U, 4-22-0690 (Ill. App. Apr 11, 2023).

Subsequent to September 18, 2021 the below Paragraphs describe a total of fourteen additional, different events in detail with supporting facts,  that describe ALL the defendant’s intentional harassment, discrimination,  conspirator actions to deprive Plaintiff and Plaintiffs family of the right to peacefully enjoy their home.

SEE Paragraphs 62, 66, 75, 76, 77, 78, 79, 80, 82, 83, 94, 95, 96

61) Around September 2021, Plaintiff decided to return his RV back to his property and store the RV in the rear of his home on the grass after:

Attorney James Hardemon; *" kenny why would you move your RV to storage when your neighbors have multiple campers on the grass that's what you bought all this land for".*

Attorney Kennan Thompson: *"Dad why would you pay for storage for the RV with all this land, when I take "TOT" to school I see RV's all through Monee on the grass , Dad you need to just bring the RV back."*

Plaintiff started paying more attention to other residents in the Monee community and noticed, not only did many Monee residents have boats, campers and trailers on the grass but Plaintiffs own neighbored that he sold the house to next store has two campers on the grass.

**DEFENDANTS RECAIALLY MOTAVATED DISCRIMNATORY BEHAVIOR VIA SELECTIVE CODE ENFORCEMENT**
**"similarly situated" comparators"**

It is important to note that Plaintiff submitted dozens of FOIA request to "VOM" and "MPD" for the below "similarly situated" comparators before filing this complaint. The FOIA request was either returned without citations being issued to the comparators or the FOIA request for some of the neighbors were just outright ignored.

62) **March 16, 2022** The Defendants "**VOM**" *(Mayor Theresa M. Bogs , Romulus Biris, Michael Kos)* continued targeted harassment and intimidation when code enforcement officer Romulus Biris complained about Plaintiffs camper being on the grass in the 7 rear of his home **see exhibit 12.**

7 Plaintiff voluntarily relocated the camper to the rear of his home because of the continued harassment, insults and complaints from the MPD, VOM and "NIEIGHBORS" about two campers being ON Plaintiffs front driveway.

63) **At this Point Plaintiff personally met with Defendants "VOM" Code enforcement employee** Romulus Biris at Plaintiffs home, audio and video surveillance will show defendant Romulus Biris :

*Walking to the end on Plaintiffs estate and Plaintiff showed defendant Romulus Biris Plaintiffs neighbors at 51.1= 6636 W Maple CT two (2) campers exactly 16 feet from Plaintiffs camper that was on the grass and Plaintiff informed Defendant Romulus Biris that eight (8) other houses have campers, boats and trailers in the grass why is Plaintiff being singled out and harassed.*

51.2=26323 Gorman Trail (Boat on the Grass) "similarly situated" comparators



**51.3= 6423 Spruce Ct   (Boat on the grass) "similarly situated" comparators**




**51.4= 6641 Birch Ct (trailer with flat tire) "similarly situated" comparators**



**51.5= 6653 Bradford Ct (double axel trailer on gravel for 2 years) and house is directly behind Plaintiffs residence.**

**See exhibits/s 13 “similarly situated” comparators**

**THE TROUBLING PATTERN OF TARGETED HARASSMENT REVEALED**

64) The “**VOM”** and “**MPD**” through its code enforcement division, police department, and individual employees embarked on a campaign of harassment and retaliation against Plaintiff as punishment for exercising his right of free speech and right to petition the government for redress and to try to deter him from exercising such rights in the future.

**PLAINTIFFS EFFORTS TO COMPLY WITH CODE ENFORCEMENT**

**65) May 25, 2022** Plaintiff <u>was just exhausted</u> from the **“ALL”** Defendants continued targeted harassment, intimidation, verbal warning, written warning, tickets, fines so Plaintiff started soliciting quotes to build a concrete pad in the rear of his estate, new drive way and landscaping for his entire estate.

**E**ven though his neighbors had multiple vehicles on the grass including to date; trailer is on gravel at 6653 Bradford court house is directly behind Plaintiff, Camper/s were on the grass at 6636 W Maple CT ( a year later 2023 pictures). Video and documented Police written reports still show a camper is 16 feet from plaintiffs’ camper.

Based on Plaintiffs FOIA Request NO VIALLGES WARNING, tickets or citations have been issued at those addressees because a year later and the vehicles were still there in 2023 when the Plaintiffs initial complaint was filed.

The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lync* targeted and singled out Plaintiff because defendants did NOT LIKE THE BLACK MAN THAT LIVED that lived across the street from Plaintiff and defendants Erwin Bogs previously was employed with the Village Of Monee and because Erwin Bogs Daughter is the current Mayor and his Son in law was Village Clerk for ten years, The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)*believed they could abuse their power by excessively making complaining phone calls to "MPD" and "VOM" code enforcement staff resulting in daily harassment, intimidation and threats against Plaintiff and Plaintiffs family including but not limited to: issuing multiple verbal and written, citations and tickets to Plaintiff and Plaintiffs Family.

The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** *(Mayor Jay Farquhar, Romulus Biris, Michael Kos)* believed they could violate Plaintiffs and Plaintiffs family's constitutional rights without any ramifications behind their constitutional violations. Plaintiff personally complained to Defendants "MPD" about these issues and Plaintiffs attached exhibits include documented Police reports where officers confirm in writing they observed other campers on the grass at the house directly to Plaintiff south side of his residence (which was Plaintiffs investment property that he sold)

**66)** **June 1, 2022** Plaitiff retained the services of a sub-contractor to asset Plaitiff with excavation and pouring concrete for an RV slab that the "ALL" Defendants have been harassing and complaining to Plaintiff about, in addition Plaitiff obtained the necessary permits from the defendant "VOM".

VILLAGE OF Monee
5500 W Wilson St
Monee, IL 60449
(708) 534-8303

Invoice For Permit: P22-06-059
Print Date: 06/28/2022

THOMPSON KENNETH N
6644 W MAPLE CT
MONEE IL 60449

Pay by Account In Full
Pay by Account In Full
$ 210.00

| Invoice No | Invoice Date | Permit Number | Address | Amount Due |
|---|---|---|---|---|
| 00001261 | 06/29/22 | P22-06-059 | 6644 W MAPLE CT | $ 210.00 |

| Fee Details: Quantity | Description | Amount Cost | Balance |
|---|---|---|---|
| 1.000 | Replace Driveway | $100.00 | $ 100.00 |
| 1.000 | Concrete Pad | $110.00 | $ 110.00 |
| Total Amount Due | | | $ 210.00 |

**See exhibits 14**

67) **July 3, 2022** Plaintiff also decided this would be a good time to complete a new driveway, new landscaping, add 24 recessed led lights in his soffit, some brick work on his home, power wash the entire brick home, clean all windows and gutters and add a 3000-gallon Pond.

**Driveway Excavation at Plaintiffs residence of 6644 W Maple Ct**



**RV Concrete Slab excavation at Plaintiffs residence of 6644 W Maple Ct**



**Pond excavation at Plaintiffs residence of 6644 W Maple Ct**



**Equipment used to Clean Bricks, windows, gutters and install lighting in soffit**



**See exhibits 15**

**ABUSE OF POWER**

68) **August 22,** 2022 despite Plaintiffs expensive efforts to comply with the "ALL" defendants demands, discriminatory actions and targeted harassment during Plaintiffs massive construction phase, that was anticipated to take five (5) months to complete. Defendants (VOM) started writing tickets within 60 days again (trailer on the grass)

during Plaintiffs construction Phase and the permits were valid for six (6) months, but less than 60 days into this construction the tickets started again.

With permits for a new drive way and concrete RV slab Plaintiff had no place to put his campers but in the grass on his property and Plaintiff was within his legal rights because there were active permits on file with Defendants.

See exhibits 16

Ironically exactly sixteen (16) feet from Plaintiffs RV was two more RVs on grass at the neighboring property of 6636 W Maple CT, Plaintiff demanded that MPD/defendants travel onto his estate and view the other to RV's in the grass.

Audio and video surveillance will show Defendants , *Romulus Biris* walked on to Plaintiffs property to the end of Plaintiffs RV and stated:

Defendant VOM, Romulus Biris *"Are you filing an official complaint cause if so then then I "might consider doing something".*

**DEFENDANTS SELECTIVE CODE ENFORCEMENT THAT IS RACIALLY MOTIVATED**

69) Based on first-hand knowledge the VOM Village Hall (o.1 mile) is one minute from 5203 W Court Street where the owner Kyle and Theresa Smith has had their Camper on the grass in their FRONT YARD for more than two years and has never moved his camper since they bought their home on September 21, 2021. Ironically, the camper is very

visible from Monee Village Hall and Court Street because the Village of Monee employee parking lot is directly across the street from the Smiths Camper.

5203 W Court Street Camper on grass since September 21, 2021

**"similarly situated" comparators**





70) The VOM defendants drive pass the Smiths RV THAT IS IN THE FRONT OF THE SMITHS HOME IN THE GRASS every day to arrive and depart for Village business and other work-related business.

Based on Plaintiffs FOIA request and Plaintiffs 1st hand knowledge where, Plaintiff interviewed the Smiths, The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM" (***Mayor Jay Farquhar, Romulus Biris, Michael Koss)* NEVER issued any warning, fines, citations or tickets to the owner of the RV or residence at 5203 W Court Street Monee, IL prior to Plaintiffs filing of this lawsuit.

71) Four weeks [8]after Plaintiff filed his federal lawsuit against the defendants , The "VOM" requested that the Smiths relocate their RV.

72) Defendants "VOM" have a financial interest in the citations that come before the municipal court because all the tickets issued to Plaintiff were written by the same two VOM-hired code enforcement officers, were prosecuted by VOM-hired prosecutors, and Plaintiffs were found guilty by a VOM-hired hearing officer, all of which serve the VOM as the ultimate authority. See Tumey v. Ohio (1927) and Ward v. Village of Monroeville (1972).

73) Code enforcement officers and police officers drive past the Plaintiffs' home daily, sometimes several times each day.

74) On belief, various **"VOM"** and **"MPD"** employees officials fabricated and exaggerated such complaints as pretext to issue **"THOMPSON"** verbal warning, written warnings, citations and fines sphere headed BY THE Mayor Theresa Bogs.

75) **March 15, 2023** Defendant **"NEIGHBORS"** Roberta Bogs (The Mayors Mother) traveled onto plaintiff's property walked to his garage door and stated

*"Ken, can you do something about your led lights they are shining through my front window at night"*

---

8 The US postal employee "FREEMONT" hand delivered copies of Plaintiffs complaint to defendants on September 29, 2023 and Plaintiff emailed the same to the "VOM" and "MPD"

Plaintiff just ignored the defendant because he knew that was a dishonest statement not to mention the house next to defendant has the similar if not the same led lights.

76) **April 12, 2023** Plaintiff was in front of his home at the end of the driveway with both Garage doors open and a garden utility cart at the end of his drive way**.** Defendant **"VOM"** code enforcement Defendant, Michael handed Plaintiff the attached warning.

VILLAGE OF MONEE PROPERTY CODE COMPLIANCE NOTICE — date issued 04 12 2023

Your property at 6644 MAPLE CT has the following code issue/s:

| | | Code |
|---|---|---|
| ✓ | garbage/recycling cans are not out of public view | 4-1-7 |
| | garbage or cans at curb before noon the day before pickup | 4-1-7 |
| | garbage or cans left at curb later than 7pm on collection day | 4-1-7 |
| | grass or weeds taller than 6" | 4-2-2 |
| | vehicle parked on grass or gravel | 5-3-29 |
| | inoperable vehicle (tires flat or off, registration expired, etc.) | 9-8-1 |
| | fence needs repair, replaced, or removed | 11-6-7 |
| | permit required for dumpster or mobile storage container | 9-12-3, 9-11-2 |

**** Issue/s must be resolved *before* 8am on 04-13-2023
Code issues not resolved may result in fines.

Contact us: email-- buildingservices@villageofmonee.org
phone-- 708-534-8303

Most codes can be found at: https://codelibrary.amlegal.com/codes/moneeil/latest/overview

Building permits are required for some work, please contact us to verify!

Plaintiff: *"Why are you giving me this warning"*

Defendant Koss: *"oh I did not see you outside working on your yard"*

Plaintiff: *"Why are you lying you see I got all these cameras on my house; you guys need to leave me alone"*

Defendant Koss, then drove away and Plaintiff called Monee Police to file a complaint against the **"VOM"** and the **"NEIGHBORS"** for harassing him.

Plaintiffs Audio and Video surveillance will show plaintiff was outside since 6am manicuring his exterior estate utilizing his trash can/s and his DeWalt garden equipment to groom his lawn and trees.

9See exhibits 17

77) **April 25, 2023 again** Defendant **"NEIGHBORS"** Roberta Bogs (The Mayors Mother) traveled onto plaintiff's property walked to his garage door and :

*"Ken, <u>I thought I told you to do</u> something about your led lights they are shining through my front window at night"*

Plaintiff calls Police again see exhibits 17

*Plaintiff: I just want to be left alone, please tell her to stop trespassing on my property with these demands on what I should do with my home.*

*Defendant* Officer Matthew Ludwig*: Ken what can we do to squash this*

*Plaintiff: Tell her to just move.*

*Defendant* Officer Matthew Ludwig*: Well, the Village will just keep giving you tickets*

What's even more amazing is the House directly next to Defendant Neighbors Erwin and Roberta Boggs have LED lights also and based on belief no one has complained about their lights. "similarly situated" comparators

9 Even the Police report is fabricated with statements that Plaintiff never made such as *"KENNETH ADVISED HE OWNS THOMPSON LAW GROUP"* Plaintiff never made any such representations to defendants Officer Matthew Ludwig.



**DEFENDANTS RETALIATION AGANST PLAINTIFF**

78) **April 25, 2023** Defendants "**VOM**" and **"MPD"** started driving by Plaintiffs home more frequently and even started writing tickets to any cars that were parked in front of Plaintiffs home.

Ticket written April 26, 2023 at 1am ($75.00)

**See exhibits 18**

But the House directly next store (6636 W maple court/Plaintiffs Investment property that he sold) to Plaintiff has had multiple Guest vehicles (Black Cadillac Escalade Plates PB 49684 and Plates 1E721 FF) parked in front of their home and even Plaintiffs home at one am and based on Plaintiffs audio and Video surveillance no tickets have been issued to the neighbor's guest.

79) **April 28, 2023** Defendant David Lynch drove his lawn mower to Plaintiffs mailbox while Plaintiff was retrieving his mail and following dialogue took Place:

Defendant Lynch: *"Ken why did you call the Police on Roberta"*

*We have really been giving you a break lately you need to be carful*

*and watch yourself….unless you want more problems this is our Town.*

Please note: Defendant David Lynches Demeanor was very intimidated and he was biting his bottom lip with his middle index finger pointed at Plaintiff.

Plaintiff ignored Defendant Lynch and turned around and walked down his drive way.

**MORE SELECTIVE CODE INFORCEMENT**

**80)** **July 21, 2023** Plaintiffs Audio and Video surveillance will show plaintiff was outside since 7am working on repairs to his automobile that he just started on July 19, 2023.






Defendants continued their racially motivated conspiracy, campaign of Prejudice based on Plaintiffs ethnicity, Planned, coordinated and executed Harassment actions, Planned, Coordinated and executed Intimidation actions to force financial Hardship on Plaintiff and Plaintiffs family.

Plaintiff approached the Defendants Michael Koss and inquired as to why they are parked in front of his home and defendants code enforcement officer replied.

*Defendant" "Your Vehicle has been like that for quite some time and you need to do those repairs in your Garage"*

*Plaintiff replied: After you People burned my son's car, I installed 12 cameras and the Video will show that the car HAS ONLY BEEN Jacked up for 2 days"*

**VILLAGE OF MONEE PROPERTY CODE COMPLIANCE NOTICE** date issued 7-21-20 23

Your property at 6644 MAPLE CT has the following code issue/s:

| | | Code |
|---|---|---|
| ____ | garbage/recycling cans are not out of public view | 4-1-7 |
| ____ | garbage or cans at curb before noon the day before pickup | 4-1-7 |
| ____ | garbage or cans left at curb later than 7pm on collection day | 4-1-7 |
| ____ | grass or weeds taller than 6" | 4-2-2 |
| ____ | vehicle parked on grass or gravel | 5-3-29 |
| ✓ | inoperable vehicle (tires flat or off, registration expired, etc.) | 9-8-1 |
| ____ | fence needs repair, replaced, or removed | 11-6-7 |
| ____ | permit required for dumpster or mobile storage container | 9-12-3, 9-11-2 |
| ____ | ______________________________ | |

**** Issue/s must be resolved *before* 8am on 7-25-20 23
Code issues not resolved may result in fines.

MK

Contact us: email-- buildingservices@villageofmonee.org
phone-- 708-534-8303

Most codes can be found at: https://codelibrary.amlegal.com/codes/moneeil/latest/overview
Building permits are required for some work, please contact us to verify!

Ironically the house directly to Plaintiffs left has had a crashed vehicle in their drive way for 16 months AND THE BELOW vehicle is actually 69 feet from Plaintiffs drive way.

26815 Winfield Road **“similarly situated” comparators**



**5022 W Main Street Car on Jacks for 13 months (2 minutes from Police station)**

**“similarly situated” comparators**



81) Based on information and belief Defendants have not issued any warning, fines, citations or tickets to the above residents because the infractions have been visible and in existence for more than a year.

**6636 W Maple Ct Monee, Illinois**

**"similarly situated" comparators"**

82) **July 21, 2023** Plaintiff contacted the Monee Police department and expressed his continued feeling of being targeted and harassed by the "VOM". Plaintiff wanted the police to see the property's directly to Plaintiffs left and Directly to Plaintiffs right that had campers on the grass for over 2 years and a disabled vehicle for 16 months

**Plaintiff** escorted the "MPD" onto his Estate so that Plaintiff could show the police his Neighbors Campers on the grass and dismantled vehicle at the house directly to Plaintiffs right and left.

"*Officer Crescenti #129 arrived on scene to assist.*

*Thompson stated Michael from Village of Monee Code Enforcement had just left his residence after being there for a complaint of a non-operable vehicle in his driveway. Thompson advised he had lifted his vehicle in his driveway and placed the vehicle on jacks to fix different items on his vehicle. Thompson advised the vehicle had only been on jacks for 48 hours. Thompson then showed a picture of a vehicle that had a damaged front bumper that was currently parked at xxxxxxxxxx in the driveway of the vehicle. Officer Crescenti was able to observe the vehicle parked in the driveway with a damaged front bumper. Thompson stated the vehicle on Winfield Road had been parked non-operable for multiple days."*

*"Thompson then pointed out there was two campers parked in the grass in the backyard of xxxxxxxxxxx* ***I was able to observe two campers that were parked in the grass in the backyard."***

**See exhibits 19**

83) June 4, 2024 Plaintiffs neighbors that he sold the house (6636 W Maple CT) to date has a disabled vehicle junked for Parts in their grass as of the filing of this amended complaint the picture below was taken June 3, 2024. The **"similarly situated" comparators** neighbors are VERY VERY comfortable and safe KNOWING that the Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants "**VOM" *(****Mayor Theresa M. Bogs , Romulus Biris, Michael Koss WILL NOT BOTHER THEM.***





The FRAME is cracked on the above vehicle and is being junked for parts based on Plaintiffs 1st hand knowledge and conversations with the Vehicle owner.

*84)* The Defendants **"VOM"** *(Mayor Theresa M. Bogs  and Wayne Hasser)* defendants will not bother them.

85) In every instance, the verbal warnings, the written waning, the tickets, the citations, the fines which "VOM" and "MPD"  imposed upon the Plaintiffs were arbitrary applications

of the Code designed and allowed by Mayor Theresa Boggs and The Village Clerk to oppress, intimidate , harass Plaintiffs family.

86) **The same rules were not applied to other residents in the Village of Monee.**

87) The Defendant/s Bogs Family illegally used their Political power, Political resources to Racially Target Plaintiff based on his African ethnicity to wit:

   a. Defendant/s Bogs Family new that they had control over the Monee Police and the Village Code enforcement Division.

88) The Defendants "**NEIGHBORS**" *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch, and* Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser* Harassed Plaintiff by continuously calling the Police on Plaintiff with false allegations.

   a. Defendants continuously calling the Village of Monee code enforcement on Plaintiff with false allegations.

   b. The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)*

   Defendant/s *Mayor Jay Farquhar* , Mayor Bogs abused their governmental power by making the aforementioned false allegations knowing they possessed the power and control over the Village of Monee Administration to fabricate and lie on Plaintiff.

c. Defendant/s believed there would be no repercussions behind their Constitutional Violations against Plaintiff so the defendants continued recklessly and nonchalantly.

d. The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** *(Mayor Jay Farquhar, Romulus Biris, Michael Kos)* defendants deceitfully designed a scheme and conspiracy to harass, intimidate, oppress and to financially cripple Plaintiff with the ultimate goal to try and force Plaintiff to relocate from the community.

89) The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)*

The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) selectively enforced its municipal Code and policies against Plaintiffs based on his racial ethnicity and The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* racial bias against Plaintiff which is a violation of Plaintiffs constitutional rights.

90) Several different VOM residents committed the same or similar types of purported code Violations but received no verbal warnings, written warnings, citations, tickets or fines.

91) In support, the following photographs3 depict various Village of Monee residences with the same or worse types of purported issues.

*92)* Thirteen of the fifteen Defendants *(Erwin Bogs, , David Lynch,* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** ***(****Mayor Jay Farquhar, Romulus Biris, Michael Kos)* The Defendants "**MPD"** ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig) except Roberta Bogs and Judith Lynch were at one time and/or still is a Governmental employee of The Village of Monee and that they are trained and very familiar with the constitutional laws on racial discrimination but disregarded the law and The Defendants collectively used its Governmental power in sync with the civilian defendants (who no longer worked for the Village of Monee) to violate Plaintiffs rights and try and force Plaintiff to sell his home and relocate..*

93) **July 31, 2023** Plaintiff issued FOIA request to defendants VOM and MPDs and defendant (VOM) has selectively responded to some of Plaintiffs request but others were ignored and/or refused after Plaintiff made four written requests including the Village attorney was notified in writing of the request.

**See exhibit 20**

a. On information and belief **no other** resident in Plaintiffs subdivision received citation for trailers or campers on the grass even though the same alleged code violations/infractions exist as of June 7, 2024 the filing of this amended complaint.

b. On further belief no other resident in Plaintiffs subdivision received warning, complaints, tickets for Garbage can being outside, car on the grass, ATV on the grass other nuisance.

c. The fact that defendants (VOM) did not issue any warning or tickets to other neighbors "PROVE" that Defendants conspired and selectively applied and enforced its ordinances against Plaintiff and it should be noted that

The Defendants "**VOM**" ***(****Mayor Jay Farquhar, Romulus Biris, Michael Kos*s had to pass two hundred and forty-one other houses to arrive and Plaintiffs home which is in the last cul-de-sac in the Gorman Farm Estates sub division.

94) August 25, 2023 at 12.49 am The Defendants "**NEIGHBORS**" *(Erwin Bogs, Roberta Bogs)* called the Monee Police Department complaining about Plaintiff sitting in front of his Pond, Plaintiffs Video surveillance system will show Monee Police department arriving at Plaintiffs home around 1.30am in a black marked Monee Police SUV and the Monee Police SUV shined their spot lights on Plaintiffs home and at Plaintiff.

95) Often Police escorts are not typical protocol for serving code enforcements violations.

Throughout the 19 years Plaintiff has resided at his Estate of 6644 W Maple CT Monee, Il the interaction with the Village of Monee code enforcement and Village of Monee Police department was just ongoing and at many times a week would not pass without Plaintiffs family, children and friends being harassed and intimidated by VOM and MPD, Plaintiff was always informed by defendants;

a. *"The complaint is anonymous, it's nothing we can do."*

b. *"Your neighbors don't like you why don't you just pack up and go."*

c. *"You know your neighbors are going to run you out of the neighborhood".*

d. *"You have to take this up with the Village of Monee we are just the Police".*

e. *"They will just call the police if you don't comply…"*

f. *"Just try and comply or they will keep writing you tickets*."

g. "We cannot tell you who is complaining even if we wanted to but you already know who they are…"

CONSPIRACY, CORDINATED STALKING AND HARRASSMENT

The Plaintiffs residence is less than one mile from leaving the Village of Monee Township, The Monee Police Department and The Village of Monee Township is completely on the opposite side of town. Absent of governmental cameras, that are not in Plaintiffs subdivision how did the Village of Monee Code Enforcement and the Village of Monee Police department Know when Plaintiff exited his home to perform lawn maintenance and snow removal etc ?

96) Plaintiff is a retired business owner of 30 years and performs all maintenance (himself) on his Estate, vehicles and small engines including all lawn maintenance and snow removal. It is important to note, that plaintiff is retired so Plaintiff has <u>no set schedule</u>

that he follows when he decides to exit his home and perform exterior maintenance or repairs .

The Plaintiffs audio and video 10surveillance system will show:

Eight out of ten times when Plaintiff exited his home**, within 15 minutes** the Village code enforcement officers in marked vehicles with the Village of Monee on the door of the Vehicle or Monee Police Department in marked vehicles would circle around Plaintiffs home in his cul da sac.

It is obvious that the mayors' parents, Defendants (Irwin and Roberta Bogs) who live across the street from Plaintiff and defendant David Lynch and Roberta Lynch (who lives next store to the defendants Irwin and Roberta Bogs) conspired with "VOM" and "MPD" to coordinate an intimidation and harassment process against Plaintiffs family.

The Defendants "**VOM"** *( Romulus Biris, Michael Kos* Monee code enforcement officer also decreasing his speed and slowing their car down once arriving in front of Plaintiffs home and in some instances would completely stop in front of Plaintiffs home.

Subsequent to Plaintiff filing his Federal Lawsuit, On October 12, 2023 Defendants *Michael Koss* the VOM code enforcement officer arrived at Plaintiffs home and parked

10 Due to the excessive harassment from defendants, in 2012 Plaintiff purchased and installed eight exterior cameras on his estate with two exterior audio recording devices, THIS Audio and video security system will show:

for 14 minutes observing Plaintiff and Plaintiffs estate while Plaintiff was outside working.:







97) No matter how hard Plaintiff tried to stay under the radar and prevent the Defendants from their targeted campaign to bully, harass and intimidate Plaintiff, Plaintiffs family and plaintiff's friends the defendants' actions just continued to grow and get worse;

a. Defendants "VOM" and "MPD" Repeatedly issuing Plaintiff warning, tickets, improperly surveilling and patrolling Plaintiffs house.

b. Three of the defendant neighbors (*Erwin Bogs, David Lynch, Wayne Hasser)*

have held and/or currently hold 11Political office with the Defendant (VOM) which proves their total disregard for Plaintiffs constitution rights, Defendants believed they were above the law and nothing would ever stop them from violating Plaintiffs constitutional rights to be free and enjoy his home.

c. The Defendants "**NEIGHBORS"** *(Erwin Bogs, David Lynch, , )* were VOM Governmental employees with certain Training The understood the general objective of their conspiratorial scheme and accepted them by acting in furtherance of those objectives which Plaintiff has proven with extensive corroborating Police Reports and exhibits.

d. Even as recent as spring 2023 the conspiracy to deprive Plaintiff of his constitutional right to enjoy his home even included the wives Roberta Boggs and Judith Lynch even though Police reports show Plaintiff had to call on (03/15/23 & 04/25/23) The "MPD" Police twice on defendant Roberta Bogs for continued Harassment.

**SUMMARY**

Pictures tell a thousand stories and the exhibits and pictures attached in the Factual allegation presented by Plaintiff are self-explanatory. The defendants have a total

11 Wayne Hasser/Village Clerk, Therese Bogs/Mayor, Erwin and Roberta Bogs/Parents of Mayor

disregard for the United States Constitution that is designed to protect citizens. The defendants have been getting away with this behavior for decades without any repercussions or ramifications, that's why the defendant's behavior is so egregious and bold in the 2024.

Its bold for a Monee Mayor (*Mayor Jay Farquhar)* to strike an umpire at a seven-year-old baseball game, its obnoxious for a Monee Village Clerk (*Wayne Hasser* ) to run an African American female amazon employee off the road. The defendants believe they are far above the law and immune to any infractions what so ever.

## JURY DEMAND

98) The Plaintiff herby demands a trial by Jury.

## Count I—42 U.S.C. § 1983
## Fourteenth Amendment Equal Protection Class of One

(Against VOM, MPD and named employees in their individual capacity)

99) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

100) The actions of the defendants named in this count orchestrated to single Plaintiffs out as a class unto themselves were done for arbitrary, irrational and discriminatory reasons, and based upon personal animus.

101) Plaintiffs were intentionally treated differently from their neighbors.

102) The Defendants **"VOM"** *(Mayor Theresa M. Bogs, Mayor Jay Farquhar, and* Monee Village Clerk *Wayne Hasser* (Husband of Mayor and Son in Law of Erwin and

Roberta Bogs) are all three actor/s with final decision-making authority within the Village of Monee and adopted the relevant policy or custom. See Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021)

103) Defendants acted according to the unwritten and unofficial policies and customs of the "VOM".

104) Plaintiffs in this case has provided FACTUAL DATA for THE COURT to conclude that "similarly situated" comparators exist.

A. Multiple Corroborating Police reports, for example see exhibit 19.

B. FOIA request from Defendants on 05/26/23, 08/15/23, 09/05/23 and 10/12/23 (confirming no previous citations were issued to neighbors)

C. Extensive pictures of "similarly situated" comparators"

105) Defendant "VOM", through its employees and agents and at the behest of Defendant Mayor Jay Farquhar, Mayor Theresa M. Bogs intentionally targeted Plaintiffs for unequal treatment under the law, including that:

a. Defendants' agents issued Plaintiffs at least 129 verbal warning, written warnings, tickets, citations and fines, falsely accusing Plaintiff of violating the "VOM"'s ordinance/s: cars on grass, ATV on the grass, garbage can visible, unauthorized interior work on Plaintiffs home, camper on the grass, disabled car, loud music, RV to close to streets, xmas lights left up, Nuisance tickets etc.

b. VOM & MPD actions were a deliberate, arbitrary, capricious, and malicious attempt to financially cripple Plaintiffs and deprive Plaintiffs Family of their property under color of law. The Defendants did not attempt to issue such verbal warning, written warnings, tickets, citations and fines to other residents for non-existent violations of law.

c. Said Defendants, acting under color of law, had no conceivable basis for their action other than spite or some other improper personal motive, which were unrelated to the Defendants' official duties.

d. Defendants attempted to restrain and interfere Plaintiff and Plaintiffs family the ability to enjoy their (outside land 2.5 acres) exterior home.

e. Said Defendants, acting under color of law, intimidated and coerced Plaintiffs to try to pummel Plaintiff into submission and run Plaintiff out of the Village of Monee**.** The Defendants had no rational basis in law for taking these actions against the Plaintiffs.

f. Defendants "VOM" and "MPD" are governmental officials, acting under the color of state law, deprived Plaintiffs of a right secured by the U. S Constitution and The Laws of the State of Illinois.

106) As described more completely above, the Plaintiffs were victims of discrimination, intentionally visited upon them by "VOM" employes and "MPD" officers done under color of law.

107) The defendants knew or should have known that they had no justification for their actions based upon their public duties as employees of the Village of Monee, Illinois.

108) The Plaintiffs were the victims of intentional discrimination at the hands of the defendants, who were state actors as described above.

109) The actions of the defendants named in this count lacked any rational basis for singling out Plaintiffs as they did during the course of their public duties.

110) As a direct and proximate result of the actions of defendants named in this count, Plaintiffs suffered emotional distress and monetary damages.

111) The actions of Defendants in singling Plaintiffs out as a class unto themselves among other residential property owners in the VOM for alleged building code violations, parking citations, other unlawful acts as alleged in this Complaint were vindictive and taken with a malicious animus and without any rational basis or legitimate governmental purpose, and, therefore, constitute a deprivation of Plaintiffs' rights to equal protection of law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and, thus, defendants are liable to plaintiff under 42 U.S.C. § 1983.

112) Mayor Farquhar and Mayor Bogs was aware of the discrimination perpetuated by The Village Clerk Wayne Hasser, the "MPD" and Defendant "Neighbors" and could have prevented it by simply calling MPD, Neighbors (mother and Father/Father-in-law of Mayor) and letting them know that they would not protect them if they were violating the law. Instead of intervening to prevent the misconduct, Mayor Farquhar and Mayor Bogs allowed it to continue, and even encouraged it. This caused the harassment, intimidation, and discrimination to continue, by participating and actually calling the VOM code enforcement department on Plaintiff daily.

113) Mayor Farquhar and Mayor Bogs failed to intervene and stop the numerous warnings, citation, fines, stalking from the "VOM" employees and "MPD" employees. Mayor Farquhar and Mayor Bogs subsequently promoting the numerous warnings, citation, fines, stalking , harassment and intimidation against the Thompson family.

114) The actions of Defendant were intentional, willful, and malicious and in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. §1983 and the Civil Rights Act of 1991

115) As a direct, foreseeable and proximate result of Defendants' unlawful actions which deprived Plaintiffs of their rights as complained of in this Complaint, Plaintiffs suffered injury and damages in the form of legal fees and costs incurred in defending against Defendants' unlawful prosecution, psychological and emotional distress, and economic losses.

116) There is no rational basis for Defendants' behavior and why local officials targeted Plaintiff and Plaintiffs Family. Moreover, why subsequent to this litigation does

The Defendant "**VOM**" ***(*** *Michael Kos)* stalk (fifteen minutes) Plaintiff while he is outside doing yard work, Plaintiffs have been subject to alleged threats of violence, damage to their personal property, and interference with the enjoyment of their home.

117) As a direct and proximate result of the actions of **"VOM"** and **"MPD"**

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant "VMP" and "MPD" in an amount to be

proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**COUNT II – Denial of Due Process Under the Fourteenth Amendment**
(Against VOM, MPD and named employees in their individual capacity )

118) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

119) Plaintiffs have property interests in their home.

120) Plaintiffs' activities and conditions are not nuisances or violative of the **"VOM"** code.

121) **August 6, 2009** Defendants VOM and MPD issued Plaintiff three alleged Code Violations same day (tickets are sequential in number) for same alleged incident each ticket was $1952 totaling $5856.00. The defendants "VOM" never notified Plaintiff of these tickets, never sent Plaintiff a communication allowing Plaintiff to contest these tickets.

122) The Defendants **"VOM"** *(Village Clerk Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** ***(****Mayor Jay Farquhar, )* failed to provide notice of many citations/tickets issued and failed to allow Plaintiff an opportunity to be heard.

123) Plaintiffs right to challenge certain municipal tickets was not Granted because defendants just issued tickets without sending any notice or copies to the Plaintiff.

124) The "VOM" cannot abate them or issue fines because they do not cause any harm to others or the Plaintiffs themselves.

125) The Due Process Clause prevents the government from declaring that Plaintiffs' lawful and harmless activities and conditions constitute violations or nuisances when such activities and conditions are not nuisances, and any harm that could arise from such actions and conditions would be remote and highly speculative.

126) Instead, the VOM and MPD treats these activities and conditions as nuisances and code violations to retaliate against Plaintiff for asserting his protected conduct.

127) Defendants repeatedly accused Plaintiffs of phony municipal violations and used the "VOM" powers to cripple Plaintiff financially by excessively fining Plaintiff.

128) Defendant VOM and MPD violated Plaintiffs' due process rights by permitting excessive fines against Plaintiffs home without providing adequate procedural protections, like a lack of any notification verbally or in writing, many citations Plaintiffs never received copies of the alleged violations.

129) Defendants deliberately failed to provide Plaintiffs with copies of said violations and just issued tickets on their books against Plaintiffs home.

130) Resulting in no-fair opportunity to contest the purported tickets and violations, and otherwise denying Plaintiffs' the opportunity to a fair and impartial administrative

hearing. Plaintiff only discovered the tickets by doing an on-line search with the Will court Clerk of the Circuit court.

131) The VOM accomplished this deprivation by harassing and retaliating against Plaintiffs by:

a) Issuing phony municipal tickets three on one day totaling $5856.00.

b) Failing to provide a method any Notice of said violations;

c) Failing to provide a legally sufficient description of the activity or conduct alleged to constitute a violation of the VOM Ordinances;

e) Failing to issue a determination based on the evidence presented at any of the hearings of whether a Code violation exists;

f) Failing to provide the name(s) of the alleged complaining witnesses who sent emails complaining about Plaintiffs' home;

g) Failing to allow them to a fair and impartial hearing on the merits before issuing default judgments against them;

132) Plaintiffs were deprived, in whole or in part, of their property interests described above, under color of state law, in that they have an administrative lien of over $10,000.00 entered against their property, which will preclude it from being sold until it is paid in full.

133) Plaintiffs were also deprived of their liberty interests in their right to privacy.

134) Defendant "VOM" at the behest of Defendant Theresa Bogs and her Husband Wayne Hasser used the apparatus of the "VOM" to violate Plaintiffs' property and liberty interests by making allegations of wrongdoing against Plaintiffs and their property, which

Defendants knew at the time to be false, for the sole purpose of targeting and harassing Plaintiffs.

135) There is overwhelming circumstantial evidence that Jay *Farquhar,* Wayne Hasser and Theresa Bogs was personally involved in the conduct alleged above.

a) The Defendants "**VOM" code enforcement** and MPD

directed their personal animus against Plaintiffs by threatening and attempting to intimidate Plaintiff by driving past the Plaintiffs residence daily.

b) On further belief, Mayor Theresa Bogs recommends the appointment of the Director of Code Enforcement Division to the Board of Trustees.

c) On even further belief, members of the Board of Trustees have NEVER voted "no" on legislation Theresa Bogs proposed once in his 2 years as Mayor.

136) As a direct and proximate result of the Defendants' actions, the named Plaintiffs have suffered and will continue to suffer irreparable injury to their constitutional rights.

137) As a direct and proximate result of the Defendants' campaign to harass, retaliate, and punish Plaintiffs, they have been deprived of their due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VOM and MPD in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. §

1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**COUNT III - 42 U.S.C. § 1983 DEPRIVATION OF FIRST AMENDMENT RIGHTS OF SPEECH, EXPRESSION, AND RELIGION**

(Against VOM, MPD and named employees in their individual capacity)

138) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

139) Plaintiffs' right to speak, write, and publish freely and petition the government is protected under Article 1, Section 4 of the United States Constitution, free from retaliation. (Esmail v. Macrane, 53 F.3d 176, 180 (7th Cir. 1995)(If the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a remedy in federal court).

140) As described more fully above and incorporated by reference herein, Plaintiffs engaged in extensive protected speech on matters of public concern, including, but not limited to:

a) Right to privacy;

b) Right to be free from undue persecution in their home;

c) Right to free speech;

d) Right to freedom of expression;

e) utilizing Plaintiffs driveway to house his Camper with his sons Law firm signage on the vehicle

f) Petitioning the government and publicly by filing a cause of action in federal court and once that action was dismissed defendants retaliated against Plaintiff

141) As a result of the Plaintiffs' protected activities, Defendants retaliated against the Plaintiff.

142) Defendants intended by each of the actions described in the preceding paragraphs to punish and retaliate against Plaintiffs for exercising their First Amendment Rights and deterring them and others from exercising such rights in the future.

143) Plaintiffs have suffered harm due to Defendants' actions and have been deprived of their rights secured under the First Amendment to the United States Constitution. This deprivation of Plaintiffs' constitutional rights is actionable pursuant to 42 U.S.C. § 1983.

144) Defendants' acts have caused Plaintiffs' damages such as emotional distress, unlawful monetary judgments, inconvenience, legal fees, future financial losses, and other compensatory and consequential damages.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant **"VOM"** and **"MPD"** in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. §

1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count IV—42 U.S.C § 1983: Municipal Policy Claim**
**(Against the Village of Monee)**

145) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein

146) Plaintiffs re-allege all of the preceding paragraphs and incorporate them in this count.

147) Defendant Village Monee, Illinois, is responsible for the creation and adoption of rules and regulations for the governance of the Village.

148) The Village of Monee, Illinois retains policy makers that train and supervise its police officers about the legitimate use of their police powers.

149) Similarly, The Village of Monee, Illinois utilizes legislators, called clerks, trustees, who have final policy making authority. The Village of Monee, Illinois, also utilizes a chief executive, known as the mayor, who has final policymaking authority. The Village of Monee, Illinois, has a grossly inadequate system of training and supervising its clerks, trustees and Mayor regarding the appropriate use of their official powers.

150) The unconstitutional actions of VOM and MPD Officers as alleged above, were done pursuant to the policy and practice of the Village of Monee, Illinois of failing to adequately and meaningfully train, supervise, or discipline its Village staff, police

officers. Such a failure amounts to deliberate indifference on the part of the Village of Monee, Illinois and on the part of its leading officials.

151) The unconstitutional actions of Village Clerk Wayne Hasser and Mayor Jay Farquhar, Mayor Theresa M. Bogs, are considered direct action by the Village of Monee, Illinois. In addition, the unconstitutional actions by Village Clerk Wayne Hasser and his wife Mayor Theresa Bogs were done pursuant to the policy and Practice of the Village of Monee, Illinois, to allow its clerks, trustees and chief executive to behave outside the confines of the law without any fear of meaningful discipline or police investigation. Such a failure amounts to deliberate indifference on the part of the Village of Monee, Illinois and on the part of its leading officials.

Mayor Jay Farquhar, Mayor Theresa M. Bogs, was personally aware of the Harassment and discrimination that was being perpetuated on Plaintiff and Plaintiff family, and the defendants, Mayor Jay Farquhar, Mayor Theresa M. Bogs participated in the acts.

152) Mayor Theresa M Bogs and *Mayor Jay Farquhar* holds considerable power in the Village of Monee. She is a "final policymaker and serves the president" of the Village, Mayor Bogs was fully aware of her Fathers and mothers' actions of calling the Village code enforcement officers and Monee Police on Plaintiff and Plaintiffs family. In many instance the Mayor Bogs Theresa and her Husband Village Clerk Wayne Hasser would personally contact the Monee Police and The Village Code enforcement staff to Harass, Intimidate and issue warning, citations/tickets to Plaintiff.

*153)* The Defendants "**VOM**" ***(*** *Romulus Biris, Michael Kos) and* The Defendants "**MPD**" would often 12stop 1st at The Defendants *(Mayor Theresa M. Bogs and Wayne Hasser)* Home and then travel to Plaintiffs residence to carry out their actions of harassment, intimidation, threats and fines.

154) The Mayor Theresa M Bogs and *Mayor Jay Farquhar* is a person with final policymaking authority and Plaintiffs constitutional injury was caused by *Jay Farquhar* , Theresa Bogs and her Husband Wayne Hasser who maintained the position of Village clerk for 10 years.

155) Mayor Theresa M Boggs and *Mayor Jay Farquhar* "recommends the appointment of the Director of Code Enforcement Division to the Board of Trustees, and code enforcement has constantly harassed Plaintiff verbally and in writing.

156) Mayor Theresa M Boggs and *Mayor Jay Farquhar* implemented a policy to punish, harass, and intimidate the Thompson family at the demand of her parents' The Defendants "**NEIGHBORS**" *(Erwin Bogs, Roberta Bogs)* who lives directly across the street from Plaintiff.

---

12 The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* home is not any Plain site of Plaintiffs home by and means, Plaintiffs home at 6644 W Maple court is the last cul-de-sac in Gorman Farm Estates and the Mayor and her husband live on the main road in the subdivision at 26634 Winfield Rd (Google indicates walking is 8 minutes 0.4 miles). There were phone calls being made daily from defendant "**NEIGHBORS" to VOM and MPD to harass Plaintiff**

157) Mayor Theresa M Boggs and *Mayor Jay Farquhar* wielded power on behalf of the Village, and they used it to impose a policy and practice of punishing the Thompson family.

158) At all times relevant to this complaint, Defendants VOM, MPD, Wayne Hasser, Mayor Theresa Bogs and Mayor Jay Farquhar were acting under color of law and pursuant to the policies set forth by the Village of Monee, Illinois.

159) The Village of Monee failure to properly train, discipline, monitor, control and supervise its police officers, trustees, and mayor was the direct and proximate cause of the injuries to Plaintiffs.

160) Mayor Theresa Bogs and *Mayor Jay Farquhar* frequently, called the Village code enforcement and "MPD" on Plaintiffs family, they participated, condoned and was fully aware of these unofficial customs that caused Plaintiffs' constitutional violations .

161) The Village of Monee Board has never rejected Mayor Thresea Bogs legislative proposals.

162) Theresa Bogs runs her private dental Practice in Monee and has executive authority within the Village of Monee and the Board and Village Clerk "rubberstamps" her recommendations for ordinances.

163) The defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)*The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** *(Mayor Jay Farquhar, Romulus Biris, Michael Kos)* The Defendants "**MPD"** *( Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig)* believed they could for 19 years continue this campaign of

Harassment, threats, intimidation, verbal warnings, written warnings, tickets AND DEPRIVING Plaintiff and Plaintiffs family from enjoying their home, by hiding behind the phrase:

**"WE GOT AN ANOUNMOUS CALL"**

164) In addition, the direct misconduct of Wayne Hasser, Mayor Theresa Bogs and Mayor Jay Farquhar were the direct and proximate cause of the injuries to Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count V—Intentional Infliction of Emotional Distress**
**(Thompson , KRT vs. "NEIGHBORS", "MPD", "VOM")**

165) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count as if fully restated herein.

166) KRT is a minor child and has lived with her father/Plaintiff since age two. KRT has attended Monee Elementary started in in 2014 Kindergarten Class from her Monee residence of 6644 W Maple CT and for the last nine years the school bus picks KRT up at the beginning of her driveway.

167) A dispute arose between Plaintiff and KRT's biological mother as it relates to the mother utilizing KRT name to obtain state food stamps/LINK as a result the mother went to Monee Police stations requesting, they help her in acquiring KRT

168) Their **did not exist** :

a) A DCFS investigation and never has been one relating to custody or well-being of KRT.

b) Their existed no court order directing Plaintiff to turn over his child to the Police or her mother.

c) The police reports do have any data that reference that KRT was being abused, neglected or in harm's way of any sort.

169) The Mone Police informed Plaintiffs Attorney Tim Tyler :

*"We will arrest ken if he does not turn over the child"*

170) Monee police was fully aware that KRT had attended Monee Elementary for 4 years, BUT the **"MPD"** just saw an opportunity to be vindictive and seek revenge against Plaintiff for filing a federal lawsuit against MPD in 2012.

171) July 10, 2018, Plaintiff was advised by Attorney Tyler to turn over his daughter because it will be more harm to "KRT" if Plaintiff was arrested in front of her.

172) KRT was confiscated illegally by the Monee Police and resulting in KRT entire life being turned 13upside down, MPD handed KRT over to her mother.

---

13 Leaving a community in the Sothern Suburbs with a very low crime rate and moving in with her mother on 52nd and Wallbash where KRT could not even go outside and play due to the dangerous community.

173) August 20, 2018, (30days later) Plaintiff obtained a Will County Court order and a Cook County Court order for the immediate return of the KRT to her Father/Plaintiff and KRT has lived with her father the Plaintiff ever since. See exhibit 5

174) KRT was emotionally distraught, hurt, depressed, sad because she had not seen her father or puppy in over 30 days and the mother was a non-active parent in KRT's life.

175) MPD vindictiveness and violations of state and federal law caused a minor child a significant amount of unhappiness and it took 2 years for KRT to rebound from the emotional Trauma that the MPD put KRT through. This was again the defendants FLAGARNT abuse of power.

176) All defendants intentionally engaged in conduct that is extreme and outrageous. Through their actions, intended to inflict severe emotional distress on Plaintiffs and knew that there was a high probability that their conduct would result in severe emotional distress. Defendants conduct described in the above paragraphs was willful and wanton.

177) TWO circuit court 14Judges in **less than 30 days** reversed the "MPD" decision to remove Plaintiffs child from his care and Plaintiff has had court ordered custody ever since. The Defendants "**MPD"** ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer)* actions were. such that a "reasonable person would hear the facts and be compelled to feelings of resentment and outrage."

---

14 The will county Judge at Plaintiffs emergency Motion for Return of Minor child indicated on the record the defendants "MPD" behavior was extreme, outrageous and unbelievable. *For those with positions of authority, their conduct is subjected to heightened scrutiny under the "extreme and outrageous" standard. Buchmeier v. City of Berwyn, No. 14 C 6750, 2015 WL 4498742, at *7 (N.D. Ill. July 23, 2015).*

178) The Defendants “**NEIGHBORS”** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **“VOM”** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **“VOM”** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants “**VOM”** ***(****Mayor Jay Farquhar, Romulus Biris, Michael Kos)* The Defendants “**MPD”** ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, Officer Blake)* decided to intentionally engage in extreme and outrageous conduct at to coordinate a conspiracy to scare, threaten, harass, oppress and intimidate the Plaintiff and Plaintiffs family with intents to force the Plaintiff to relocate to another community. The above-named defendants intended to inflict severe emotional distress on Plaintiffs and Plaintiffs family which resulted in :

A. Plaintiff and Plaintiffs Family has suffered severe emotional distress, including sleep disruptions, anxiety, and hyper-vigilance.

179) The Defendants “**NEIGHBORS”** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,* The Defendants **“VOM”** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **“VOM”** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants “**VOM”** ***(****Mayor Jay Farquhar, Romulus Biris, Michael Kos)* The Defendants “**MPD”** ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig, Officer Blake* knew that there was a high probability that their conduct would result in severe emotional distress on Plaintiff and Plaintiffs family.

180) All Defendants behavior and actions are so outrageous such as:

a. Mysteriously Plaintiffs son's car gets set on FIRE.

b. Repeatedly trespassing on Plaintiffs property's with complaints, threats, demands, insults see paragraph……?????

c. Excessive code violations, warnings and fines.

d. Excessive Police and Village code enforcement surveillance at Plaintiffs residence.

e. Monee Police shinning lights on Plaintiffs home at 1an in the morning.

f. Fabricated Police reports and tampering with evidence by removing audio from a trial CD of officer Drum lying to 911 dispatch (officer drums statements 100% contradicted the actual video of the arrest of Plaintiff.) but the CD at trial conveniently had the audio of officer Drums false statements removed.

*To constitute "extreme and outrageous" conduct, a defendant's behavior must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of human decency" such that a "reasonable person would hear the facts and be compelled to feelings of resentment and outrage." Parker v. Side by Side, Inc., 50 F. Supp. 3d 988, 1023 (N.D. Ill. 2014).*

181) As a direct and proximate cause of ALL the defendants outrageous conduct, Plaintiffs did in fact suffer severe emotional distress, including sleep disruptions, anxiety, and hyper-vigilance.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against ALL Defendants in an amount to be proved at trial, including for general compensatory, special, consequential damages, for emotional

distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**Count VI— 18 U. S. C. 241 Conspiracy**
**Federal and State Law Claim**
**(Against All defendants)**

182) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

*183)* The Defendants **"VOM"** *(Mayor Theresa M. Bogs and Wayne Hasser)* The Defendants **"VOM"** (*The Village of Monee an Illinois Municipal Corporation*) The Defendants "**VOM"** ***(****Mayor Jay Farquhar, Romulus Biris, Michael Kos)* The Defendants "**MPD"** ***(*** *Chief Scott Koerner Officer Evie Lazzaroni, Officer Jamal Martin, Officer Matthew Ludwig)* a state official and private individual(s) The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch),* reached an understanding to deprive Plaintiff and Plaintiffs family of their constitutional rights; and those individual(s) were willful participant[s] in joint activity with the Village of Monee and its agents.

184) Private Defendants, Roberta Bogs, Erwin Bogs, David Lynch, Judith Lynch and Wayne Hasser who in the last 24 months was a private individual citizens conspired with the State/Government Defendants Mayor Theresa Bogs and the Village of Monee Code enforcement officers and the Monee Police department during multiple years including but not limited to 2021 to current to:

A. <u>THE AGREEMENT</u>

WE WILL FORCE PLAINTIFF (KENNY) TO MOVE BY ANY MEANS NECESSARY: which included ALL OF THE DEFENDANTS' ACTIONS ALREADY MENTIONED ABOVE IN THIS COMAPLAINT SUCH AS , Intimidation, harassment, threats, issuing multiple warning written and verbal, issuing excessive fines against Plaintiffs property even with-out notice, surveilling Plaintiffs home aggressively, Trespassing on his property without authority and in no official capacity and verbally threatening Plaintiff. KENNY will eventually move and relocate after WE SHOW HIM THIS IS OUR TOWN.

B. <u>SPECIFIC DATES AS TO THE CONSPIRACEY</u>

See Plaintiffs statement of factual allegations such as Paragraphs 18 through 97 in addition to the entire complaint

C. <u>PURPOSE BEHIND THE CONSPIRACY</u>

Plaintiff purchased his home June 5, 2005 and at that time the Village on Monee African American ratio was less than two percent. The Village of Monee Government and neighbors were not ready for inclusion of Blacks and Hispanics.

This small town decided that they were above the LAW and decided they would

"RUN KENNY OUT OF TOWN"

Monee Police Officer Blake: "*You know your neighbors don't like you why don't you move"*

Monee Police Officer Drum: *"We get daily calls on your house, but I know what it is"* Then officer Drum took his middle right index finger and rubbed the back side of his left hand back and forth.

a. It's impossible for eight out of ten times that the Plaintiff 15exited his home 15 minutes later the Village of Monee Code enforcement officers and/or the Monee Police department was in front of Plaintiffs home. In many instances they would both appear in marked cars.

b. Please see Paragraph 89 of this complaint:

185) In furtherance of the conspiracies, the named Defendants committed the overt acts set forth above and the conspiracies were continuous and fully described above.

Case: 1:12-cv-00653 Document#: 134 pge 16*: Civil conspiracy is a recognized cause of action in Illinois. Under Illinois law, "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." Adcock v. Brakegate, Ltd.,*

15 *Plaintiff is a retired business owner of 30 years and performs all maintenance (himself) on his Estate, vehicles and small engines including all lawn maintenance and snow removal. It is important to note, that plaintiff is retired so Plaintiff has no set schedule that he follows when he decides to exit his home and perform exterior maintenance or repairs .The Plaintiffs audio and video 15surveillance system will show: Eight out of ten times when Plaintiff exited his home**, within 15 minutes** the Village code enforcement officers in marked vehicles with the Village of Monee on the door or Monee Police Department in marked vehicles would circle around Plaintiffs home in the cul da sac……….*

*645 N.E.2d 888, 894 (Ill. 1994). A conspiracy claim serves "to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts." Id. To be liable as a civil conspirator under Illinois law, a party must "understand[ ] the general objectives of the conspiratorial scheme, accept[ ] them, and agree[ ], either explicitly or implicitly to do its part to further those objectives." Id.*

*186)* June 6, 2024 **(YEASTERDAY**) at 10.37am Plaintiff opens his garage door with his daughter to perform exterior maintenance on his estate and fourteen minutes later the Village of Monee Code enforcement pulls in front of Plaintiffs HOME:


ELITE, INC.
A Technology Company
(708) 503-0078




Then the very same day at 6.01 pm Plaintiffs steps out his front door to water Plants and feed fish and fifteen minutes later at 6.16pm the Monee Police pull in front of Plaintiffs home.



Plaintiff takes his Phone with him every time he exists the inside of his home so that he can capture the stalking and harassment  with live pictures

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against “ALL” in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys’ fees under 42 U.S.C. §

1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**VII: STATE HARRASSEMENT CLAIM**

**Thompson & KRT against the "NEIGHBORS"**

187) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

*188)* The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,)* conduct and words targeted at Plaintiff and Plaintiffs family members caused emotional distress or fear of being harmed.

189) The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,) harassment* behavior was persistent and repeated . The defendants engaged in stalking behavior and tried to keep tract of Plaintiff and Plaintiffs family movement.

190) The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,)* trespassing on Plaintiffs property when Plaintiff has asked them not.

191) The Defendants "**NEIGHBORS"** *(Erwin Bogs, Roberta Bogs, David Lynch, Judith Lynch,)* new they were intentionally inflicting emotional distress on Plaintiff and Plaintiffs family but because of defendants' family ties to the Government at The Village of Monee defendants U.S. Constitutional Violations continued for 19 years without and repercussions.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant **the "NEIGHBORS"** in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**COUNT VIII – Indemnification**
**(Against VOM)**

192) Plaintiffs re-allege all of the preceding paragraphs and incorporates them in this count.

193) Defendant VOM is obligated to assume financial responsibility for the actions committed by its officials or employees, including Defendant Wayne Hasser.

WHEREFORE, for the foregoing reasons, Plaintiffs requests that this Court enter judgment in their favor, and against Defendant Village of Melrose, Park, Illinois, and enter an order requiring Defendant Village to indemnify the other Defendant in this matter.

**COMMON PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

194) Conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties to bring about a settlement of this case;

a) Conduct a mediated settlement conference or refer the case to its court-annexed mediation program to assist the parties to bring about a settlement of this case;

b) Audit the Village of Monee Code Enforcement ticketing policies, housing code, and municipal court for its treatment of senior citizens and private nuisances;

c) Audit the Village of Monee Police Department's parking ticket policies;

d) Award Plaintiffs actual and compensatory damages to the extent permissible by law to compensate the Plaintiffs for injuries and losses caused by Defendants' conduct;

e) Award Plaintiffs prejudgment interest;

f) Award Plaintiffs reasonable attorneys' fees and costs if applicable; and

g) All other relief as the interests of justice require.

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court enter judgment in their favor and against Defendant VMP in an amount to be proved at trial, including for punitive damages, general compensatory, special, consequential damages, for emotional distress and privacy violations, if applicable attorneys' fees under 42 U.S.C. § 1988, and for all such other relief to which they are entitled and the Court deems just and proper.

**JURY DEMAND**

195) Plaintiffs hereby demand a jury trial on all issues so triable.

BY:

Pro Se
/s/ Kenneth Thompson June 7, 2024
Kenneth N. Thompson, SR
6644 Maple Ct
Monee, Il 60449
PH: 708-574-5894
kenthompson@eliteosi.com